**STATE OF MINNESOTA v. DULUTH & I. R. R. CO. et al.**

(Circuit Court, D. Minnesota.   June 13, 1898.)

REMOVAL OF CAUSES—FEDERAL QUESTION.

A right of removal exists, not only when plaintiff's claim is based upon some provision of the federal constitution or statutes, but also when it appears from his statement of his case that his right of recovery would be defeated by a construction, which may fairly be contended for, of some provision of such constitution or statutes.   Thus, a suit by a state to recover lands under a state statute forfeiting a previous railroad grant is removable where the validity of the act of forfeiture is questionable, under the provisions of the federal constitution.

This was a suit by the state of Minnesota against the Duluth & Iron Range Railroad Company, Walter F. Cobb, and others, to enforce a statutory declaration of forfeiture of certain lands, previously granted by the state to aid in the construction of the railroad. The cause was heard on a motion to remand it to the state court from which it was removed.

H. W. Childs, H. C. Belden, and W. P. Warner, for the State of Minnesota.

Davis, Kellogg & Severance and Draper, Davis & Hollister, for defendants.

LOCHREN, District Judge.   This action was begun in the district court of the Eleventh judicial district of the state of Minnesota, county of St. Louis, and removed to this court on defendants' petition, alleging that the suit is one arising under the constitution or laws of the United States.   The complainant now moves that the cause be remanded to the state court, claiming that it does not appear on the face of the complaint that a federal question is involved. The complaint, with its exhibits, is lengthy.   Not only are the acts of congress under which the state derived title to the swamp lands in question pleaded, but also the incorporation of the defendant railroad company; the legislative act granting to it swamp lands to aid in the construction of its railway, conditioned upon the completion of the railroad within limited time; the change in one of the terminals of the railway, and legislative consent to the change, with extensions of the time for completion of the railroad; the final completion of the railroad within the extended time, and report of such completion and practical operation of the railroad, made by commissioners to the governor; the selection of swamp lands by the defendant railroad company, and conveyance to it by the governor of a large amount of the lands so selected; sales of many parcels of such lands to purchasers, and conveyances to such purchasers by the railroad company; and the conveyance of all other lands, selected or not, claimed by said railroad company, to the defendant Walter F. Cobb, to secure specified bonds of said railroad company; also an act of the legislature of the state of April 21, 1897, purporting to repeal all prior acts granting lands to the defendant railroad company, and purporting to forfeit and resume all lands so granted.

It appears to be settled that, to sustain the jurisdiction of this

87 F.—32

court, it must appear by the plaintiff's statement of the facts on which his claims depend, that the suit is one arising under the constitution or laws of the United States. The case of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, has been followed upon this point. In that case (at page 460, 152 U. S., and at page 464, 14 Sup. Ct.) the decision in Starin v. City of New York, 115 U. S. 248, 6 Sup. Ct. 28, approved in Carson v. Dunham, 121 U. S. 427, 7 Sup. Ct. 1033, that "the suit must be one in which some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the constitution or a law or treaty of the United States, or sustained by a contrary construction," was referred to as equally applicable to the act of March 3, 1887, as amended by the act of August 13, 1888, as to the prior act of 1875. In other words, to give the United States circuit court jurisdiction, it is not necessary that it should appear that plaintiff's right to recover is based upon and supported by some provision of the constitution or statutes of the United States. A federal question is equally presented if it appears from plaintiff's statement of facts that a construction, which may be fairly claimed and contended for, of a provision of such constitution or statutes, would defeat plaintiff's right of recovery. The complainant's right of recovery here depends upon the validity of the legislative act of April 21, 1897, when tested by the provisions of section 10 of article 1 of the constitution of the United States, and section 1 of article 14 of the amendments to that constitution. Every fact upon which the solution of this federal question depends is stated on the face of the complaint, and apparently the question can be presented by a demurrer to the bill of complaint. The motion to remand is denied.