COUND v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court, W. D. Texas, El Paso Division. November 6, 1909.)

No. 492.

1. COURTS (§ 284*)—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

The federal employer's liability act (Act April 22, 1908, c. 149, § 2, 35 Stat. 65, 66), which makes common carriers by railroad within the territories of the United States liable for injuries to employés as therein stated, supersedes the common law in the territories with respect to such liability, and any cause of action within its terms is necessarily one arising under a law of the United States, and on that ground within the jurisdiction of a federal Circuit Court, where the requisite amount is involved.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 284.*

Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co.. 35 C. C. A. 7.]

2. COURTS (§ 270*)—JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT.

An action in a federal court on a cause of action arising under a law of the United States, although the parties are citizens of different states, is not one in which "jurisdiction is founded only" on diversity of citizenship, within the meaning of the federal judiciary act of 1875 (Act March 3, 1875, c. 137, § 1, 18 Stat. 470), as amended in 1887 (Act March 3, 1887, c. 373, 24 Stat. 552) and 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), and, unless the objection is waived, can only be brought in the district of which defendant is an inhabitant

[Ed. Note.—For other cases see Courts, Cent. Dig. § 810; Dec. Dig. § 270.*

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

At Law. Action by George C. Cound against the Atchison, Topeka & Santa Fé Railway Company. On plea to jurisdiction. Plea sustained.

The purpose of this suit—brought originally in this court—was to recover damages of the defendant, in excess of $2,000, for injuries alleged to have been received by the plaintiff in the territory of New Mexico, while engaged in the discharge of his usual duties as brakeman on a freight train. The material question to be determined is one of jurisdiction of the court, and the facts bearing upon this question are conceded by counsel of the respective parties. Diverse citizenship clearly appears; the plaintiff being a citizen of Texas and a resident of this district, and the defendant a corporation organized under the laws of the state of Kansas, and hence, for jurisdictional purposes, a citizen and inhabitant of that state. The injuries complained of were the result of an accident which occurred in March, 1909. In view of the importance of the question presented for the consideration of the court, it is thought proper to insert the cause of action and the allegations affecting the question of jurisdiction in the language of the pleader:

"That plaintiff is a resident and citizen of the city and county of El Paso, and state of Texas, and of the Western district of Texas, and has been such a

citizen and resident for many years past. That the defendant is a foreign railway corporation, duly and legally incorporated under the laws of the state of Kansas, and is a citizen of said state, where it has its domicile, but is now, and was on the day hereinafter mentioned, engaged in the business of running and operating a railroad into the city and county of El Paso, and state of Texas, and the Western district of Texas, where it maintains an office and local agent. That said defendant is a common carrier of freight and passengers for hire, and operates a line of railway extending from El Paso, Tex., northerly through the territory of New Mexico to Raton, N. M., and as such common carrier operates freight and passenger trains for hire in and through the territory of New Mexico, and employed a large number of brakemen, and other employés, whose business it was to run and operate said trains for hire.

"That on and prior to the 17th day of March, 1909, plaintiff was employed by defendant as a brakeman on a freight train running between Las Vegas, N. M., and Raton, N. M. Plaintiff says that on or about the 17th day of March, 1909, he was ordered and directed by said defendant, and its duly authorized agents, to assist in the running and operating of a freight train for defendant from Las Vegas, N. M., to Raton, N. M.; that when said train arrived at or near Raton it became necessary, and part of plaintiff's duty as brakeman on said train, to dismount from said train, and throw a switch; that after he had performed his duties it then became necessary for him to climb on said freight train, and ride same to its terminal, or destination; that while plaintiff was in the exercise of due care for his own safety, and attempting to climb onto one of the cars composing said train, and while in the act of mounting the top of said car by the use of the ladder, hand rail, or hand hold maintained thereon for that purpose, one of the hand holds or hand rails at or near the top of said car suddenly pulled loose and gave way, and plaintiff was thrown and fell from said car and injured, as hereinafter set out, without any fault or contributory negligence on his part. Plaintiff says that said car, hand hold, and appliances thereon were unsafe and dangerous, substantially as follows, to wit:

"That said hand hold was defective and insecurely fastened and maintained to said car. That the board or plank, or part of the car to which said hand hold was maintained by means of a lag screw, or bolt, was old and rotten, and in such a defective condition as not to be of sufficient strength to maintain the weight of plaintiff, when he attempted to use said hand hold to pull himself on top of the car. That on account of the fact that said hand hold was negligently, carelessly, and insufficiently fastened and maintained to said car, or on account of the fact that the bolt or lag screw was not properly and securely fastened into and maintained to the plank, or the car, or on account of the fact that the car was old, rotten, and split, the same pulled loose and gave way when plaintiff attempted to use said hand hold, and he was thereby thrown and fell from said car and injured.

"Plaintiff says that it was the duty of said defendant, and its duly authorized agents, to provide for his use a reasonably safe and suitable car, hand holds, and all appliances thereto attached, in a reasonably safe and sound condition, and to inspect and repair said car, or to see that the same was inspected and repaired, and kept in a reasonably safe condition; but plaintiff avers and charges that said defendant, and its duly authorized agents, in a negligent manner and way, placed said car in the train at Las Vegas, N. M., without inspecting same, or making a proper inspection of said car, in order to discover the defects and defective condition of said hand hold, and ordered and directed this plaintiff to use said car and appliances, with said hand hold insecurely and insufficiently fastened and maintained to said car, or with the plank to which said hand hold was fastened in such a rotten and defective condition as to render said hand hold insufficient and dangerous for use.

"Plaintiff further avers and charges that if said defendant had exercised ordinary care, and made a proper inspection of said car and appliances, all the above defects could have been discovered and remedied, and plaintiff would not have been injured; that said defendant, and its duly authorized agents, at the time and long prior to the happening of said accident, knew that said hand rail or hand hold was negligently fastened and maintained to said car, and knew that the same was insufficient to be used as a hand hold, and knew that

the top of said car or plank to which said hand hold was fastened was old, rotten, or split, and that it would be necessary for plaintiff, or some other employé, to use said hand hold, or hand rail, in mounting or dismounting from said car, and, when the same was used in the manner and way in which plaintiff was attempting to use same, that the same would pull loose or give way, and plaintiff, or some other employé, would be killed or seriously injured, or by the exercise of ordinary care and inspection could have known all the above facts.

"Plaintiff says that he was ignorant of any of the aforesaid defects in said car, hand hold, or appliances until too late to avoid said accident, and on account of the darkness of the night could not have discovered same by the exercise of ordinary care; and plaintiff says that each of the aforesaid negligent and careless acts and omissions on the part of said defendant, and its duly authorized agents, was the direct and proximate cause of said accident, and plaintiff's consequent injuries, for which defendant is liable.

"Plaintiff further represents and shows to the court that on or about the 22d day of April, 1908, the Congress of the United States of America passed and approved what is known as 'the Federal Employer's Liability Act,' which said act is now in full force and effect in the territory of New Mexico, and was at the time and place of the happening of this accident, and is the law governing the liability of the defendant in this case, and on which plaintiff relies for a recovery herein, both as to the liability of the defendant as a common carrier in the territory of New Mexico, as well as to the rule of evidence governing such actions, and the measure of damages, which said act, on which plaintiff relies for a recovery herein, as well as the fact that the defendant is a citizen of the state of Kansas, and plaintiff a citizen of the state of Texas, and of this district, gives this court jurisdiction of this suit and cause of action."

The defendant filed the following plea to the jurisdiction of the court:

"Comes now the defendant, and appearing specially, and for the purpose only of filing this its objections to the jurisdiction of this court by way of plea in abatement, and says: That this defendant is a railway corporation duly chartered under the laws of the state of Kansas, and under the laws of no other state or territory, and that it has and maintains its general office, where all its records are kept, in the city of Topeka, in Shawnee county, state of Kansas, and that it is an inhabitant and citizen of said city of Topeka, Shawnee county, and state of Kansas, and that the defendant is an inhabitant of the First division of the federal judicial district of Kansas, in which division is situated said city of Topeka, and Shawnee county; that the defendant is not an inhabitant of the Western district of Texas, or any part of same, but that it has its domicile and principal office and habitat in said Topeka, Kan., and not in the Western district of Texas, or any part thereof.

"That if plaintiff has any cause of action as pleaded, or otherwise, same arises under the laws of the United States, as by plaintiff's petition pending in this cause is manifest, and for the reason that this case is one arising under the laws of the United States, and is against a corporation incorporated in the state of Kansas, and under the laws thereof, and for the reasons herein set forth, this court cannot longer take cognizance of this action, and for all the reasons stated herein this defendant objects and protests against this court taking further action herein, except to enter an order dismissing this cause for want of jurisdiction.

"Wherefore this defendant prays judgment of this honorable court as to its jurisdiction to further hear and determine this cause, and prays that it be dismissed, with its cost."

With the view of meeting the objections interposed by the defendant to the jurisdiction of the court, the plaintiff filed an amended petition, in which the cause of action is set forth as in the original; but the amendment contains no reference whatever to the act of Congress entitled "An act relating to the liability of common carriers by railroad to their employés in certain cases," approved April 22, 1908, and commonly known as the "Employer's Liability Act." To be more specific, the following allegations of the original petition are pretermitted in the amendment:

173 F.—34

"Plaintiff further represents and shows to the court that on or about the 22d day of April, 1908, the Congress of the United States of America passed and approved what is known as 'the Federal Employer's Liability Act,' which said act is now in full force and effect in the territory of New Mexico, and was at the time and place of the happening of this accident, and is the law governing the liability of the defendant in this case, and on which plaintiff relies for a recovery herein, both as to the liability of the defendant as a common carrier in the territory of New Mexico, as well as to the rule of evidence governing such actions, and the measure of damages, which said act, on which plaintiff relies for a recovery herein, as well as the fact that the defendant is a citizen of the state of Kansas, and plaintiff a citizen of the state of Texas, and of this district, gives this court jurisdiction of this suit and cause of action."

To the amended petition the defendant interposed another plea to the jurisdiction of the court, claiming, as in its first plea, the right to be sued in the district of Kansas. The cause coming on to be heard upon the pleadings and the admitted facts, the plea was sustained, and the suit dismissed. The plaintiff did not except to the ruling, preferring to institute his suit in the state court.

Patterson & Wallace, for plaintiff.
Turney & Burges, for defendant.

MAXEY, District Judge (after stating the facts as above). As disclosed in the statement of the case, this suit was brought by the plaintiff to recover damages of the defendant, in excess of $2,000, for injuries which he received during the month of March, 1909, in the territory of New Mexico, while discharging his usual duties as brakeman on one of the defendant's freight trains. The plaintiff is a citizen of Texas, and resides within the Western district of the state; and the defendant is a common carrier incorporated and organized under the laws of the state of Kansas, and operates a line of railway from El Paso, Tex., through New Mexico, and into the state of its incorporation. It maintains a general office, where its records are kept, in the city of Topeka, Kan. The sole question submitted for decision is whether this court has jurisdiction, over the protest of the defendant, to hear and determine the cause. On the one hand, it is insisted by the plaintiff that the jurisdiction obtains, since diverse citizenship exists and the suit was brought in the district of his residence, where due service was had upon an authorized agent of the defendant. Upon the other, the defendant contends that the suit should be brought in the district of which it is an inhabitant, to wit, the district of Kansas, because the jurisdiction claimed is not founded only on the fact that the suit is between citizens of different states, but that it is based upon the additional ground that the suit is one arising under a law of the United States.

Which of these divergent views is correct? To answer the question satisfactorily it becomes necessary to ascertain (1) whether the suit arises under a law of the United States; and (2) whether, if so arising, it was brought in the proper district. As to the first suggestion, the petition of the plaintiff discloses that the cause of action had its origin in the territory of New Mexico, and subsequent to the passage of the act, entitled "An act relating to the liability of common carriers by railroad to their employés in certain cases," popularly known as the "Employer's Liability Act." Act April 22, 1908, c. 149, 35 Stat. pt. 1, pp. 65, 66. Section 2 of the act is in the following words:

"That every common carrier by railroad in the territories, the District of Columbia, the Panama Canal Zone, or other possessions of the United States shall be liable in damages to any person suffering injury while he is employed by such carrier in any of said jurisdictions, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

That the Congress has, within constitutional limitations, full and complete legislative authority over the people of the territories, admits of no question. "Congress may not only abrogate laws of the territorial Legislatures," said Mr. Chief Justice Waite, speaking for the court in National Bank v. County of Yankton, 101 U. S. 133, 25 L. Ed. 1046, "but it may itself legislate directly for the local government. It may make a void act of the territorial Legislature valid, and a valid act void. In other words, it has full and complete legislative authority over the people of the territories and all the departments of the territorial governments. It may do for the territories what the people, under the Constitution of the United States, may do for the states." See, also, Mormon Church v. United States, 136 U. S. 42–44, 10 Sup. Ct. 803, 34 L. Ed. 481, and authorities cited.

Here, then, is an act of Congress, enacted for the purpose of enabling employés of common carriers by railroad to recover damages for injuries suffered by them while employed by the common carriers in the territories. The section of the act quoted has specific application to the territories, and, being the supreme law of the land (Const. art. 6), supersedes all other laws embracing the same subject-matter. By this act the common law is modified in essential particulars; as, for example, where the injuries of the employé result in death, the cause of action survives to his personal representatives for the beneficiaries named in the act. Section 2 of the act in effect abolishes the common-law doctrine of fellow servant, and sections 3 and 4 materially modify, if they do not practically destroy, the common-law doctrine of contributory negligence and of assumed risk. Section 5 renders void any contract, rule, regulation, or device whatsoever intended by the common carrier to exempt itself from any liability created by the act.

When the act is analyzed, it becomes apparent that it was the purpose of the Congress to confer rights and benefits upon the injured employé which were denied him by the common law; and hence the existence of a common-law right of action on the part of an injured employé cannot, in reason, be claimed in the presence of this act of Congress. Indeed, the act is the law, and the only law, under which suits like the present one may be brought. It is the law of the case, by which the rights of the employé and the liability of the carrier are measured. The very subject-matter of the controversy is federal. The suit involves the construction, application, and effect of an act of Congress (Swafford v. Templeton, 185 U. S. 487, 22 Sup. Ct. 783, 46 L. Ed. 1005; Wiley v. Sinkler, 179 U. S. 58, 21 Sup. Ct. 17, 45 L. Ed. 84); and, tested by all the authorities, it is one arising

under a law of the United States. It was said by Mr. Justice Strong, as the organ of the court in Tennessee v. Davis, 100 U. S. 264, 25 L. Ed. 648, that:

"A case consists of the right of one party as well as the other, and may truly be said to arise under the Constitution or a law or a treaty of the United States whenever its correct decision depends upon the construction of either. Cases arising under the laws of the United States are such as grow out of the legislation of Congress, whether they constitute the right or privilege, or claim or protection, or defense of the party, in whole or in part, by whom they are asserted."

See, also, Wyman v. Wallace, 201 U. S. 230, 26 Sup. Ct. 495, 50 L. Ed. 738; Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140; Kansas Pacific v. Atchison Railroad, 112 U. S. 414, 5 Sup. Ct. 208, 28 L. Ed. 794; Ames v. Kansas, 111 U. S. 449, 4 Sup. Ct. 437, 28 L. Ed. 482; Railroad Company v. Mississippi, 102 U. S. 141, 26 L. Ed. 96; 2 Bates. Fed. Proc. at Law, § 693.

The present case grows out of, and has its origin in, a law of Congress, and its correct decision depends upon a construction of that law. This court, therefore, having jurisdiction of the cause as one arising under a law of the United States, it is quite immaterial whether the plaintiff declare, in his petition, expressly upon the act, as in the present case he did in his original petition, or whether the pleadings be silent touching jurisdictional averments. If the case arise—as did the case before the court—under the second section of the employer's liability act—that is, if an employé of a carrier by railroad suffer personal injury from the negligence of the latter while employed in the performance of his duty, and such injury result from an accident occurring in the territories—appropriate allegations of such facts are alone sufficient to confer jurisdiction of the case upon a United States court, without specially pleading the act, or without referring to its provisions. This result follows necessarily, since, in the case supposed, the suit is founded upon a law of the United States, which it is the duty of federal courts to take notice of and to enforce. See Voelker v. Railway Company (C. C.) 116 Fed. 867; Thornton, Employer's Liability and Safety Appliance Acts, §§ 104, 107.

Attention will now be directed to the second query above propounded. Was the present suit brought in the proper district? The general jurisdiction of the court is not here involved, but the question has reference merely to the place of suability; and in this connection it may not be amiss to add that the record does not present any question of waiver, on the part of the defendant, of its right or privilege of being sued in the district of which it is an inhabitant. In the first pleading filed by the defendant, a protest is entered against the court's jurisdiction, and it is insisted that the suit should be brought in the district of Kansas. In the examination of this question no aid is derived from the employer's liability act, and recourse must be had to the act of March 3, 1887, as corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508). The applicable part of the first section of the act reads as follows:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature,

at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, and shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States, except as otherwise provided by law, and concurrent jurisdiction with the District Courts of the crimes and offenses cognizable by them. But no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Repeating the language of the statute:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

That, for jurisdictional purposes, a railway corporation is a person and inhabitant of the state under the laws of which it is incorporated, has been so definitely and conclusively settled by the Supreme Court that a reference to authorities in support of the proposition is deemed altogether useless. Referring to the statute, and eliminating the federal feature of the present case, the jurisdiction of the court would be clear beyond controversy, since in that case the jurisdiction would be founded only on the fact of diverse citizenship. But here there appear two sources of jurisdiction, the one founded on diverse citizenship and the other upon the fact that the suit arises under a law of the United States. In the former case, the statute authorizes suit to be brought in the district of the residence of either the plaintiff or the defendant, where the jurisdiction is founded only on the fact that the action is between citizens of different states; while, in the latter, suit must be brought in the district of which the defendant is an inhabitant. Where the two sources of jurisdiction are combined in one suit, can it be said that the jurisdiction is founded only on the fact that the action is between citizens of different states? If the language of the statute be given its plain and ordinary meaning, the question propounded must unquestionably be answered in the negative, since the jurisdiction cannot be founded only—that is, using the definition of Webster (Web. Dict. p. 913), "utterly, entirely, wholly"—on one ground, when another and equally important constitutional ground is present in the same suit. In cases of this kind, therefore, the suit should be brought in the district of which the defendant is an inhabitant.

The court recognizes the importance of the question under discussion, and has given it careful consideration. Its decision is based upon the language of the statute; but it is thought that the conclusion announced is clearly supported by the case of In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402: If the court has correctly construed the law, the competent authority may readily make any amendment which may be deemed wise and proper. On the other hand, if the construction of the statute, applied by the court, be erroneous, the error may be easily corrected by the appellate tribunals.

For the reasons assigned, the plea to the jurisdiction should be sustained, and the suit dismissed for the want of jurisdiction; and it is so ordered.