### SMITH v. DETROIT & T. S. L. R. CO.

(Circuit Court, N. D. Ohio, W. D. December 9, 1909.)

#### No. 2,140.

1. MASTER AND SERVANT (§ 258*) — INJURIES TO SERVANT — EMPLOYER'S LIABILITY ACT.

Where the petition for injuries to a servant alleges a cause of action under the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), it will be so construed, though it does not mention the act, or state that the action is intended to be brought thereunder.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 258.*]

2. COURTS (§ 270*)—FEDERAL COURTS—JURISDICTION—RESIDENCE.

Act Cong. March 3, 1887, c. 373, § 1, 24 Stat. 552, as corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), provides that no civil suit shall be brought before either the Circuit or District Courts against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either plaintiff or defendant. *Held* that, where an action for injuries to a servant was brought under the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), federal jurisdiction did not depend solely on diverse citizenship, but was also sustainable as depending on the construction of such act, and hence the suit could not be maintained over defendant's objection in a district other than that in which defendant was an inhabitant.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 270.*]

At Law. Action by William Smith against the Detroit & Toledo Shore Line Railroad Company. On motion to remand and on demurrer. Motion to dismiss granted.

Harvey Scribner and T. F. Connell, for plaintiff.
Chas. A. Schmettau, for defendant.

SATER, District Judge (sitting by designation). This is an action to recover damages for injuries alleged to have been received through the defendant's negligence.

The amended petition and the affidavits in support of the motion objecting to the court's jurisdiction and asking for the dismissal of the

action show that the defendant is a corporation duly organized and incorporated under the laws of the state of Michigan; that at the time the plaintiff in the course of his employment was injured it was engaged in interstate commerce; and that the plaintiff is a citizen of the Western division of this district. It is conceded by plaintiff's counsel that the action is brought under the federal employer's liability act of April 22, 1908 (35 Stat. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]). This is manifest, however, without such admission. It is true that the plaintiff's pleadings do not mention that act, but that is not material. Voelker v. Railway Co. (C. C.) 116 Fed. 867; Thornton on Employer's Liability & Safety Appliance Acts, § 107; Cound v. Atchison, Topeka & Santa Fé Ry. Co. (C. C.) 173 Fed. 527.

The defendant challenges the court's jurisdiction, and insists that the suit should be brought in the district of Michigan, of which it is an inhabitant, because the jurisdiction claimed does not rest solely on the fact that the suit is brought between citizens of different states, but is also based on the ground that it arises under a law of the United States. In the Cound Case, in referring to the act in question, and to the purpose of the Congress to confer rights and benefits not previously enjoyed by injured employés, it was said:

"Indeed, the act is the law, and the only law, under which suits like the present one may be brought. It is the law of the case by which the rights of the employé and the liability of the carrier are measured. The very subject-matter of the controversy is federal. The suit involves the construction, application, and effect of an act of Congress (Swafford v. Templeton, 185 U. S. 487 [22 Sup. Ct. 783, 46 L. Ed. 1005]; Wiley v. Sinkler, 179 U. S. 58 [21 Sup. Ct. 17, 45 L. Ed. 84]), and tested by all the authorities, it is one arising under a law of the United States."

Other authorities to the point that the case arises under and involves a law of the United States are Tennessee v. Davis, 100 U. S. 264, 25 L. Ed. 648, Patton v. Brady, 184 U. S. 608, 22 Sup. Ct. 493, 46 L. Ed. 713, Wyman v. Wallace, 201 U. S. 230, 26 Sup. Ct. 495, 50 L. Ed. 738, Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140, Tift v. Southern Ry. Co. (C. C.) 123 Fed. 789, 793, and Northern Pac. Ry. Co. v. Pacific Coast Lumber Manufacturers' Ass'n, 165 Fed. 1, 9, 91 C. C. A. 39.

The only ground on which jurisdiction could have been retained in Watson, Adm'x, v. St. Louis, etc., Ry. Co. (C. C.) 169 Fed. 942, is that that case, in which it was sought to recover damages under the employer's liability act, arose under a law of Congress, and that its correct decision depended upon a construction of that law, for in that case there was no averment of diverse citizenship.

Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), provides:

"No civil suit shall be brought before either of said courts [Circuit or District] against any person by any original process or proceedings in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

As jurisdiction is not invoked solely on the ground of diverse citizenship, and as the defendant promptly challenged the plaintiff's right to maintain his action in this court, it follows that the action must fail for want of jurisdiction over the person of the defendant.

In Thornton on Employer's Liability & Safety Appliance Acts, § 104, it is said:

"It should be noted that where the United States court has jurisdiction of a case arising under a law of the United States, irrespective of citizenship, the suit can be maintained only in the district where the defendant is an inhabitant."

This was the holding in the Cound Case, supra. See, also, Atlantic Coast Line R. Co. v. Macon Grocery Co., 166 Fed. 206, 92 C. C. A. 114; In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402. The suit should have been brought in the district of Michigan, of which the defendant is an inhabitant.

The motion to dismiss is sustained. An order may be taken accordingly.