NEWELL v. BALTIMORE & O. R. CO.

(Circuit Court, W. D. Pennsylvania. September 16, 1910.)

No. 87.

1. COURTS (§ 272*)—FEDERAL COURTS—JURISDICTION—ACTION BASED, ON FEDERAL STATUTE—EMPLOYER'S LIABILITY ACT.

Where after suit brought March 5, 1910, in the federal Circuit Court, sitting in Pennsylvania, by a citizen of Pennsylvania against a Maryland corporation, to recover damages for injuries resulting from defendant's negligence, in which federal jurisdiction rested exclusively on diverse

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

citizenship, plaintiff so amended his original statement as to allege a cause of action for injuries to a servant while engaged in interstate commerce, under the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), so that jurisdiction did not depend solely on diversity of citizenship, the court was thereby deprived of jurisdiction; the suit not having been brought in the district of defendant's residence.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 272.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 256*)—FEDERAL COURTS—JURISDICTION—STATUTES.

Act Cong. April 5, 1910, c. 143, 36 Stat. 291, amending the employer's liability act (Act April 22, 1908, c. 149, § 6, 35 Stat. 66 [U. S. Comp. St. Supp. 1909, p. 1173]), providing that actions may be brought thereunder in the Circuit Court of the United States in the district of the residence of the defendant, or in that in which the cause of action arose, or in which defendant shall be doing business at the time of the commencement of the action, has no application to suits brought prior to the amendment, which could only be brought in the district of the defendant's residence, as provided by Act March 3, 1887, c. 373, 24 Stat. 552, as corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508); jurisdiction not being founded solely on diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 256.*]

Action by Frank A. Newell against the Baltimore & Ohio Railroad Company. On motion to rescind an order dismissing the action for want of jurisdiction. Denied.

W. W. Stoner and F. H. Guffey, for plaintiff.
J. W. McCleave, for defendant.

ORR, District Judge. This matter comes before the court upon a motion of plaintiff's counsel to rescind an order of this court dismissing the action for want of jurisdiction. The plaintiff is a citizen of Pennsylvania. The defendant is a corporation (and therefore an inhabitant) of Maryland.

The action is brought to recover damages for personal injuries alleged to have resulted from the negligence of the defendant. The suit was brought on March 5, 1910. The statement then filed set forth nothing from which an inference could be drawn that the action was not an ordinary common-law action. This being so and there being a diversity of citizenship alleged, this court clearly had jurisdiction at the time suit was brought. It is true that in the original statement of the plaintiff's case the words "interstate traffic" were used, but their use was apparently for the purpose of describing certain cars by which the plaintiff alleged he was injured, and not as descriptive of the employment of the plaintiff. After the general issue had been pleaded, and after the case was upon the trial list, the court permitted the plaintiff to amend his original statement by the addition of the following words:

"Plaintiff avers that on May 6, 1909, and for some time previous thereto, he was employed by the defendant in the capacity of a freight brakeman, and, being so as aforesaid in the service of defendant, he was on said date engaged in the performance of his duties as such in interstate commerce work, and, while he was as aforesaid engaged, it became necessary in conducting the de-

fendant's business for the crew of which he was a member to place several freight cars used and engaged in interstate traffic on a certain siding or side track of defendant's situate in its railroad yards in the borough of Connellsville, Fayette county, Pa."

It will thus be seen that what had been the common-law action of the plaintiff became by the amendment an action under the act of Congress approved April 22, 1908, commonly called "Employer's Liability Act," entitled "An act relating to the liability of common carriers to their employés in certain cases." Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171).

When the case was reached for trial and before the jury was selected and sworn, counsel for the defendant moved the court to dismiss the action for want of jurisdiction upon the ground that it appeared from the pleadings that the controversy is one arising under the Constitution and laws of the United States. It was urged by plaintiff's counsel at that time, and at the time of the argument of this motion, that the suit was brought for the purpose of having the benefit of the federal statutes, that the question of jurisdiction should have been raised at once by the defendant, and, that not having been done, the jurisdiction was waived. To this assent could not be given because the original statement of claim gave no notice of plaintiff's intention to have the benefits of the federal act, and the defendant at the first convenient time after the amendment, which for the first time set out the plaintiff's purpose, raised the question of jurisdiction. It was clear that the general proposition, that, even if there be a common-law cause of action between parties by reason of diverse citizenship, yet if there be another ground of jurisdiction the suit should only be brought in the residence of the defendant, has long been settled. See Macon Grocery Company v. Atlantic Coast Line, 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. ——. That there is another ground of jurisdiction than diversity of citizenship appears from the amended statement and from the assertions of counsel for the plaintiff. See the following cases which are similar to the case at bar and appear to be directly in point: Smith v. D. T. & S. L. R. R. Co. (C. C.) 175 Fed. 506; Whittaker v. Illinois Central (C. C.) 176 Fed. 130; Cound v. A. T. & S. F. R. R. Co. (C. C.) 173 Fed. 527. The plaintiff's counsel have cited many cases to sustain their position that suit under the employer's liability act is not one arising under the laws or Constitution of the United States, but the majority, if not all, of these cases are petitions for removal from state courts, and were decided upon the ground that the facts necessary to raise the federal question did not appear in plaintiff's statement of claim or declaration, but by the petition for removal or otherwise.

The plaintiff insists that jurisdiction should be sustained by reason of the act of Congress approved April 5, 1910 (Act April 5, 1910, c. 143, 36 Stat. 291), passed to amend the employer's liability act, and particularly by the amendment to section 6, wherein it is provided among other things:

"Under this act an action may be brought in the Circuit Court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."

The very fact that such enactment was deemed necessary by Congress is persuasive that prior thereto such action could only be brought in accordance with the acts conferring jurisdiction upon the Circuit Courts of the United States, to wit, the act of March 3, 1887 (Act March 3, 1887, c. 373, 24 Stat. 552), as corrected by the act of August 13, 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), the material part of which is as follows:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought, only in the district of the residence of either the plaintiff or the defendant."

In addition, the amendment of 1910 does not confer jurisdiction upon pending suits. The use of the words "may be brought" clearly indicates that it refers to actions to be commenced after its passage. In addition, also, it is a general proposition of law that statutes will not be given a retroactive effect or apply to pending cases unless they relate to procedure merely, or are so expressed in the act. As said by Mr. Justice Clifford in Twenty Per Cent. Cases, 20 Wall. 187 (22 L. Ed. 339):

"Even though the words of a statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter arise, unless the language employed expresses a contrary intention in unequivocal terms."

I am of the opinion that the amendment of 1910 was not retroactive, and did not confer jurisdiction upon this court over the defendant. Had plaintiff elected to proceed without amendment of his statement or declaration, the benefits which he hoped to have by reason of the employer's liability act, which are unnecessary to be stated, might have been lost to him. He insisted upon the amendment, and as well asserts that the original statement sets forth a cause of action under the statute. The jurisdiction sought was not founded only upon diverse citizenship.

The motion of the plaintiff is overruled.