FITHIAN et al. v. ST. LOUIS & S. F. RY. CO.

(Circuit Court, W. D. Arkansas. June 22, 1911.)

1. DEATH (§ 9*)—ACTION FOR CAUSING DEATH—RIGHT OF ACTION—STATUTORY PROVISIONS.

The right of action for causing death created by Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), must be determined by that act.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 9.*

What law governs actions for wrongful death, see note to Burrell v. Fleming, 47 C. C. A. 606.]

2. DEATH (§ 31*)—ACTION FOR CAUSING DEATH—PERSONS ENTITLED TO SUE.

Since the right of action for injuries resulting in death is based entirely upon statute, no such right existing at common law, the action can be brought only in the name of the person or persons to whom the right is given by the statute.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35-46; Dec. Dig. § 31.*]

3. DEATH (§ 31*)—ACTION FOR CAUSING DEATH—PERSONS ENTITLED TO SUE—NEXT OF KIN.

Under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), providing that every common carrier shall be liable in case of the death of any persons employed by it in interstate commerce to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of the next of kin dependent upon such employé, the next of kin has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

no right of action where there is no personal representative; the phrase "if none" referring to the beneficiaries, and not to the person to whom the carrier is liable.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 31.*]

4. STATUTES (§ 200*)—CONSTRUCTION—GENERAL RULES—PUNCTUATION.

While the punctuation of statutes will not be permitted to defeat the obvious intent of the lawmakers, it will be given consideration when there is a claim that the meaning of the statute is doubtful.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 278; Dec. Dig. § 200.*]

At Law. Action by Jessie Fithian and others against the St. Louis & San Francisco Railway Company. Heard on demurrer to the complaint. Demurrer sustained.

This is an action for the recovery of damages by reason of the alleged wrongful death of Floyd C. Fithian, an employé of the defendant, alleged to have been caused by the negligence of defendant's servants. The action is brought under the employer's liability act of Congress, approved April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171). The plaintiffs are the widow and only child of the deceased. The complainants allege that there is no administrator of the estate; that the plaintiffs are the next of kin of the deceased, and were dependent upon him. The defendant demurred upon the ground that the plaintiffs have no legal capacity to sue, as an action under this act of Congress can only be maintained by the personal representative of the deceased.

Hill, Brizzolara & Fitzhugh, for plaintiffs.
B. R. Davidson, for defendant.

TRIEBER, District Judge (after stating the facts as above). [1] As this is a cause of action created by an act of Congress it must be determined by that act. Schreiber v. Sharpless, 110 U. S. 76, 80, 3 Sup. Ct. 423, 28 L. Ed. 65; Fulgham v. Midland Valley Ry. (C. C.) 167 Fed. 660; Walsh v. N. Y., N. H. & H. R. R. Co. (C. C.) 173 Fed. 494; Cound v. A., T. & S. F. Ry. Co. (C. C.) 173 Fed. 527; Smith v. Detroit, etc., Ry. Co. (C. C.) 175 Fed. 506; Hagen v. Kean, 3 Dill. 124, Fed. Cas. No. 5,899. This leaves for determination whether under this act the next of kin dependent upon the deceased can maintain an action if there is no personal representative, or can the action be maintained only by the personal representative?

The acts for the protection of employés, enacted by the several states of the Union, generally modeled after "Lord Campbell's Act," vary considerably as to the person who is to prosecute the action as plaintiff. Some of the acts require it to be brought by the personal representative for the benefit of those named in the act; others authorize it to be brought directly by the party for whose benefit the remedy is given although there is a personal representative, while others prescribe that the action be prosecuted by the personal representative if there is one, and if not by the beneficiaries. In some of the states the action must be prosecuted in the name of the state for the use of the beneficiaries named in the act, and in Maine and Massachusetts the remedy was at one time by indictment. For a full review of the different acts in the United States, see Tiffany on Death by Wrongful Act, c. 6, §§ 90–108.

[2] As·the right of action for injuries resulting in death is entirely based upon statute, no such right existing at common law, the law is well settled that such an action can only be brought in·the name of the person or persons to whom the right is given by the statute under which it is sought to prosecute it, upon the well-settled principle that when a statute gives the cause of action and designates the· persons who may sue, they alone can sue. Usher v. West Jersey R. R. Co., 126 Pa. 206, 17 Atl. 597, 4 L. R. A. 261, 12 Am. St. Rep. 863; Stewart v. Louisville, etc., Ry. Co., 83 Ala. 493, 4 South. 373; Dacey v. Old Colony R. R. Co., 153 Mass. 112, 26 N. E. 437; Nash v. Tousley, 28 Minn. 5, 8 N. W. 875; Columbus, etc., R. R. Co. v. Bradford, 86 Ala. 574, 6 South. 90; Railway Co. v. Hunter, 70 Miss. 471, 12 South. 482; Little Rock & Ft. Smith Ry. Co. v. Townsend, 41 Ark. 382; Davis v. Railway Co., 53 Ark. 117, 13 S. W. 801, 7 L. R. A. 283; Whiton v. Chicago, etc., R. R. Co., 21 Wis. 310; Oates v. Union Pac. R. R. Co., 104 Mo. 514, 16 S. W. 487, 24 Am. St. Rep. 348; Wooden v. Western N. Y., etc., Ry. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Hagen v. Kean, 3 Dill. 124, Fed. Cas. 5,899.

[3] But it is earnestly contended by the learned counsel for plaintiffs that upon a proper construction of the act of Congress an action may be maintained by the next of kin dependent upon the deceased if there is no personal representative, and it is claimed that the words "and, if none, then the next of kin dependent upon such employé" refer to the personal representative and not the beneficiaries. Section 1 of the act of Congress, which provides for this remedy, so far as it is applicable to this issue, is as follows:

"That every common carrier * * * shall be liable in damages to any person suffering injury'while he is employed by such carrier in such commerce, or, in case of the death of such employé to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part," etc.

The language of the act is too plain to bear such a construction. What was intended by Congress by the words "and, if none" refers to the beneficiaries mentioned in the preceding part of that section. This is clearly shown by the context of the entire section. The beneficiaries first mentioned are "the surviving widow or husband and children of such employé." That is followed by a semicolon. Then the act proceeds, "and, if none, then of such employé's parents," followed again by ·a semicolon; and then follows, "and, if none, then of the next of kin dependent upon such employé." The words "if none" clearly apply solely to the persons for whose benefit the personal representative is authorized to prosecute the action, and who, in case of a recovery, are to be the beneficiaries.

The importance of having the relationship of the parties for whose benefit the action is brought set out is apparent from the fact that this act does not provide for the survival of the cause of action which the deceased had at the time of his death, but is a new cause of action solely for the benefit of those dependent upon the deceased, and

the measure of damages is the pecuniary loss sustained by those for whose benefit the remedy is given. Stewart v. B. & O. Ry. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 135, 21 Sup. Ct. 67, 45 L. Ed. 121; Goodsell v. H. & M. H. R. R. Co., 33 Conn. 51; Railroad Co. v. O'Connor, 119 Ill. 586, 9 N. E. 263; Northern Pacific Ry. Co. v. Adams, 116 Fed. 324, 57 C. C. A. 196; Davis v. Railway, 53 Ark. 117, 125, 13 S. W. 801, 7 L. R. A. 283.

What that measure of damages should be depends to a great extent upon the relationship of the survivors to the deceased and the pecuniary loss sustained by them by reason of his death. The widow and children are naturally dependent upon him to a greater extent than any other relative and entitled to support from the husband and parent. For this reason they would no doubt be entitled to a larger compensation than any other relatives. Baltimore & Potomac R. Co. v. Mackey, 157 U. S. 72, 15 Sup. Ct. 491, 39 L. Ed. 624. Next to them the parents are more dependent upon a son than any others, as there is not only a moral, but a legal, duty on the part of a child to contribute toward the support and maintenance of his parents when they are unable to support themselves. The provision for the benefit of relatives other than those before mentioned is not unlimited as the act expressly provides only for such next of kin as were "dependent" upon the deceased. The amount of the recovery must naturally depend to a very great extent upon the contribution by the deceased to those for whose benefit the action is prosecuted by the personal representative. If the deceased contributed nothing toward the support of the next of kin and he leaves no widow, children, or parents surviving him there can be no recovery, because they sustained no pecuniary loss by reason of his death.

The language of the act is clear and unambiguous, and, in the opinion of the court, leaves no room for construction. The personal representative of the deceased, and no one else, is authorized to maintain the action. This is the natural grammatical construction of the language used, and is strengthened by the punctuation—a semicolon—after each class of beneficiaries.

[4] While the matter of punctuation will not be permitted to defeat the obvious intent of the lawmakers, it will be given consideration when there is a claim that the meaning of the statute is doubtful. United States v. Oregon & C. R. R. Co., 164 U. S. 526, 541, 17 Sup. Ct. 165, 41 L. Ed. 541; United States v. Three R. R. Cars, 1 Abb. (U. S.) 310, Fed. Cas. No. 16,513; Central Trust Co. v. Wabash, St. L. & P. Ry. Co. (C. C.) 29 Fed. 546, aff. sub nom. Joy v. St. Louis, 138 U. S. 1, 11 Sup. Ct. 243, 34 L. Ed. 843.

The only reported case on this question is Thompson v. Wabash Ry. Co. (C. C.) 184 Fed. 554, and it was there held that none but the personal representative can maintain the action; the same conclusion reached by this court.

The demurrer to the complaint upon the ground that the plaintiffs have no legal capacity to maintain this action is sustained.