BOWERS v. FIRST NAT. BANK OF MOUNTAINHOME, IDAHO.

(Circuit Court, D. Idaho, S. D.    September 30, 1911.)

REMOVAL OF CAUSES (§§ 18, 19*)—FEDERAL QUESTION—PLEADING.

Where a plaintiff's pleading states every fact upon which the solution of a substantial question arising under the Constitution or laws of the United States depends, so that the question of the construction of a constitutional or statutory provision may be presented by a demurrer and may be determinative of the case, it is removable as one arising under such Constitution or laws.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 36–53; Dec. Dig. §§ 18, 19.*]

At Law. Action by William C. Bowers against the First National Bank of Mountainhome, Idaho. On motion to remand to state court. Motion denied.

W. L. Harvey and Claude W. Gibson, for plaintiff.
Richards & Haga, for defendant.

DIETRICH, District Judge. The defendant is a national bank doing business at Mountainhome, Idaho, and the suit is brought by the plaintiff to recover from it damages because of its alleged violation of an agreement, according to the terms of which it was upon specified conditions to deliver to the plaintiff certain papers left with it as escrow holder. Upon petition of the defendant the suit was re-

moved from the state district court, where it was commenced, into this court, upon the ground that it is "one arising under the Constitution or laws of the United States." The theory of the defendant, as disclosed by the petition for removal and in the argument of counsel, is that the agreement relied upon by the plaintiff is void for the reason that it is not within the power of a national bank to obligate itself as an escrow holder.

The cases are numerous involving the question of when and under what circumstances a defendant may remove a case upon the ground that a federal question is involved, and certain rules have long since been fully established.

In Western Union Telegraph Co. v. Ann Arbor R. R. Co., 178 U. S. 239, 20 Sup. Ct. 867, 44 L. Ed. 1052, it was held that:

"When a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States upon which the result depends, it is not a suit arising under the Constitution or laws; and it must appear in the record by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends upon the construction of the Constitution or some law or treaty of the United States, before jurisdiction may be maintained on this ground."

And in the more recent case of Devine v. Los Angeles, 202 U. S. 313, 332, 26 Sup. Ct. 652, 657 (50 L. Ed. 1046), the same court said:

"There being no diversity of citizenship, the jurisdiction of the Circuit Court could only be maintained upon the ground that the suit arose under the Constitution or laws or treaties of the United States; and a suit does not so arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution or some law or treaty of the United States, upon the determination of which the result depends; and this must appear from the plaintiff's statement of his own claim and cannot be aided by allegations as to the defense which might be interposed."

And in Arkansas v. Kansas & T. Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144, after reference to the general rule, it is said:

"Hence it has been settled that a case cannot be removed from a state court into a Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, unless that appears by plaintiff's statement of his own claim; and if it does not so appear the want of it cannot be supplied by any statement of the petition for removal or in subsequent pleadings, and, moreover, that jurisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or law or treaty of the United States or of a state, in conflict with the Constitution."

It is not thought that any useful purpose could be subserved by an elaborate consideration of these principles or a review of the reported decisions in which they have been applied to specific facts. The contention of the defendant is that in alleging its corporate existence as a national bank the plaintiff has impliedly pleaded its statutory charter provisions, and that therefore the question whether it has the power to obligate itself as an escrow holder is made to appear upon the face of the complaint. No controversy in this respect is pleaded in terms by the plaintiff, nor does he suggest in his com-

plaint that such a question will be raised. In the sense, however, that it may be raised by demurrer, the question is fully presented upon the face of the complaint; that is to say, the question of law necessarily arises upon the facts which the plaintiff himself discloses. This, I am inclined to think, is sufficient to enable this court, upon petition of the defendant, to entertain jurisdiction. State of Oregon v. Three Sisters Irrigation Co. (C. C.) 158 Fed. 346; Cound v. Atchison, etc., Ry. Co. (C. C.) 173 Fed. 527; Clark v. Southern Pacific Ry. Co. (C. C.) 175 Fed. 122; State of Minnesota v. Duluth, etc., R. R. Co. (C. C.) 87 Fed. 497.

The opinion in the case last cited closes as follows:

"A federal question is equally presented if it appears from the plaintiff's statement of facts that a construction which may be fairly claimed and contended for, of a provision of such Constitution or statutes, would defeat plaintiff's right to recover. The complainant's right of recovery here depends upon the validity of the legislative act of April 21, 1897 [Laws Minn. 1897, c. 168], when tested by the provisions of section 10, art. 1, of the Constitution of the United States, and section 1, of article 14, of the amendments to that Constitution. Every fact upon which the solution of this federal question depends is stated on the face of the complaint, and apparently the question can be presented by a demurrer to the bill of complaint. The motion to remand is denied."

It is suggested that if this view prevails removal would be possible in every case where a national bank is a party defendant, thus practically nullifying the provisions of section 4 of the Act of August 13, 1888, c. 866, 25 Stat. 436 (U. S. Comp. St. 1901, p. 514), declaring in substance that national banks shall be deemed citizens of the state in which they are respectively located and denying the federal courts jurisdiction of litigation to which such banks are parties, "other than such as they would have in cases between citizens of the same state." But upon reflection it will be seen that such a result does not necessarily follow. An actual federal question must be presented by the record, a substantial controversy involving the scope and meaning of the statutes defining the powers of a national bank. In many suits, indeed in the majority of suits, against national banks, no such question is or can be involved. In some respects the law is too clear to admit of construction, and in others the meaning of its provisions has been declared by the court of last resort. In such cases obviously no substantial controversy arises, and hence removal cannot be had upon the ground that the suit arises under the statutes or Constitution of the United States.

The question here presented is admittedly a substantial one and has never been authoritatively decided. Upon its correct answer may wholly depend the plaintiff's right to recover and the defendant's liability upon the cause of action pleaded. In view of this consideration, the motion to remand is denied.