## Case No. 5,899.

### HAGEN v. KEAN et al.

#### [3 Dill. 124.] [1]

Circuit Court, E. D. Missouri. 1875.

DAMAGES FOR DEATH BY WRONGFUL ACT — WHO ARE PERSONAL REPRESENTATIVES.

1. An action is given by a statute of Illinois to the "personal representative" of one whose death is caused by the wrongful act of another. Held, that the words, personal representative, meant the executor or administrator, and that under the statute the widow, although the deceased died without children and she was the sole beneficiary of the amount receivable, could not sue in her own name.

2. Whether such an action can be maintained in another state than the one where the cause of action arose, quaere?

Demurrer [by the defendants, William R. Kean and others] to the petition on the ground of the plaintiff's want of capacity to sue.

W. H. H. Russell, for plaintiff.

Blakeman & Thayer, for defendants.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge. In 1853 the state of Illinois enacted what is known in England as "Lord Campbell's Act" (9 & 10 Vict. c. 93). The second section of the Illinois act provides that "every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered shall be for the exclusive benefit of the widow and next of kin" of such deceased person. This action is originally brought in this court by Louisa Hagen, widow of the late Charles E. Hagen, whom the petition states to have been killed in 1870, in the state of Illinois, by the wrongful act of the defendants. The petition states a case within the Illinois act above mentioned. It avers also that the said husband of the plaintiff died without children or next of kin, and that she is his widow and personal representative. It does not aver however, that she has ever taken out letters of administration either in Illinois or Missouri. It does state a case showing that, under the statutes of Illinois, she would as widow be solely entitled to any sum recovered for the wrongful death of her husband.

The right of action in a case of this kind is created by statute, and it must be brought by and in the name of the person whom the statute prescribes shall bring it.—that is the "personal representative" of the deceased. And these words in the statute of Illinois have been authoritatively construed by the supreme court of that state to mean "the executor or administrator." City of Chicago v. Major, 18 Ill. 349; Boutiller v. The Milwaukee, 8 Minn. 97 [Gil. 72]; Western, etc., R. Co. v. Strong, Sup. Ct. Ga., 1874 [52 Ga.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

461]. See Woodard v. Michigan, etc., R. Co., 10 Ohio St. 121; Whitford v. Panama R. Co., 23 N. Y. 465; Shear. & R. Neg. § 290 et seq. The plaintiff does not allege nor is it claimed that she is the executor or administrator of her deceased husband, and hence she cannot maintain the action in her own name, even though she is the beneficiary of the sum which the personal representative might recover. Suppose the proper probate court in Illinois should to-morrow appoint an administrator of the plaintiff's deceased husband, and he should bring an action in Illinois, or in this state, if such an action will here lie, is it not clear that the present action could not be pleaded in abatement? If not, then this suit is improperly brought, or the defendant is liable to two separate actions for the same injury, each looking to a full recovery for the damages thereby caused. Whether an administrator appointed in Illinois or in Missouri or in the latter state as auxiliary to an administration in the former could recover in this district by virtue of the Illinois statute, we give no opinion.

Demurrer sustained.