GOLDEN TERRA MINING CO. v. SMITH ET AL.

1. ASSIGNEE: SUBSTITUTION OF, AS PARTY TO APPEAL. This court will not entertain a contested motion, made for the first time here, for the substitution of the assignee of a party, as a party to the appeal.

2. SAME: NOT ALLOWED, WHEN. When it appears that the respondents sought to be displaced against their will, are owners of the judgment for costs rendered in the District Court and involved in the appeal, and have also some interest

in the event as stockholders of the corporation seeking to displace them, this court, if it possessed the power, would not exercise it to change the parties respondent, and attorneys, by substitution.

*Appeal from the District Court of Lawrence County.*

MOTION to substitute parties respondent, and attorneys.

*W. C. Kingsley,* for the motion.

*McLaughlin & Steele,* opposing.

MOODY, J.—An action with the foregoing title being pending in this court upon appeal from the District Court of Lawrence county, W. C. Kingsley, Esq., a member of the bar of the first district and of this court, comes and presents to the court a motion in writing praying that the Gopher Consolidated Gold Mining Company, a corporation organized under the laws of the State of California and transacting business in this Territory, may be substituted as the party defendant and respondent in this appeal, in place of the parties respondent to the record; and also that he be substituted as the attorney of record for such respondent in lieu of Messrs. McLaughlin & Steele, who are the attorneys for the present respondents, Smith *et al.*

In support of his motion Mr. Kingsley offers certain affidavits, which tend to prove that since this action was commenced in the District Court, the mining property, which is the subject of controversy, has been purchased by and transfered to his client the Gopher Consolidated Gold Mining Company from the respondents, and that by such purchase and transfer the said corporation has succeeded to all the respondents' rights in said property; and that such transfer was made while this action was pending in the District Court, but no effort was then made to have a substitution of parties. Mr. Kingsley further shows that he is the duly appointed attorney of said corporation.

This motion is opposed by the attorneys for the respondents, they alleging that the respondents have an interest in the judgment obtained in the court below which is appealed from, at least

to the extent of the costs awarded, amounting to $2,659.70; that they have incurred considerable expense in preparation to meet the appeal, which has not been reimbursed to them; and further, that the respondents are large stockholders in the .corporation seeking to be substituted, and that this motion is made in the interest of the appellant, with a view of securing a reversal of the judgment, alleging that the persons owning the appellant corporation have since this appeal purchased a controlling interest in the Gopher Consolidated. But respondents' attorneys consent that Mr. Kingsley may appear with them in the conduct and argument of the appeal, but not to their exclusion.

These allegations, except as to the costs included in the judgment, and the fact of respondents' ownership of stock in his corporation, Mr. Kingsley denies, and refuses to join the respondents' counsel in the conduct or argument of the appeal, but demands exclusive control thereof, and that his client be substituted as prayed for in his motion.

This court declines to entertain the motion under these circumstances. We know of no power possessed by this court to hear and determine controversies of this character. Certainly none is conferred by Statute, or by any rule of court, and our attention has not been called to any instance where an Appellate Court has adopted a practice such as is here invoked.

The provisions of section 85, Code of Civil Procedure, relating to substitution of parties where, pending the action, a transfer of the property in controversy is made, manifestly apply to the District Courts, and can have no application to this court, especially in a case like the present, where the motion for substitution is contested, and no application therefor was made to the District Court.

There is no rule of practice which authorizes this court to hear testimony upon a contested motion for substitution of parties, and determine the facts necessary to empower us to grant the motion, and we cannot now adopt such a rule of practice.

Of course, upon the suggestion of the death of one of the parties an order may be made continuing the action in the name of the proper successor in interest, and no doubt an order of substitution by counsel of all the parties when passed as a consent order, would

be binding upon all. But it does not follow that we can allow a stranger to the record to intrude himself into the case, for the first time in this court, and compel the court to hear and determine a controversy regarding his alleged interest in the property the subject of the action.

Moreover, so far as this motion is concerned, it appears that the respondents are the owners of the judgment for costs entered in the District Court, and which is involved in the appeal. This alone would prevent us from striking their names out of the record and substituting another party without their consent, even if the power was conceded.

For the foregoing considerations, the motion of Mr. Kingsley is denied and dismissed.

If he desires to avail himself of the respondents' consent, he will be permitted to assist in the argument of the appeal.

All of the Justices concurring.

OCTOBER TERM, 1881.

PRESENT:

Hon. Peter C. Shannon, Chief Justice.

Hon. Sanford A. Hudson,

Hon. Gideon C. Moody, } Associate Justices.

Hon. Jefferson P. Kidder,