## HOLSTON *v.* COAL & IRON CO.

### (*Knoxville.* November 2, 1895.)

ACTION. *For death of infant, by whom maintainable.*

Suit for the wrongful killing of an infant cannot be maintained by the parent without administration.

Code construed: §§ 3130, 3131, 3132, 3134 (M. & V.); §§ 2291, 2292 (T. & S.).

Cases cited: Bream *v.* Brown, 5 Cold., 168; Loague *v.* Railroad, 91 Tenn., 459; Hall *v.* Railroad, Thompson Cases, 204; Flatley *v.* Railroad, 9 Heis., 230; Bledsoe *v.* Stokes, 1 Bax., 312; Trafford *v.* Express Co., 8 Lea, 99; Bamberger *v.* Street Railr*ul* Co., *ante.*, p. 18.

---

### FROM RHEA.

---

Appeal in error from Circuit Court of Rhea County. JAS. G. PARKS, Judge.

COOKE, FRAZIER & SWANEY, JOHN A. DENTON, and S. W. SWABEY for Holston.

BURKETT, MILLER, MANSFIELD, and V. C. & N. Q. ALLEN for Coal & Iron Company.

WILKES, J. This is an action for damages for the death of Eli Holston, son of plaintiff, Kate Holston, and stepson of plaintiff, Squire Holston.

There was a trial before the Court and jury in the Court below, and verdict for the defendant, and plaintiffs have appealed, and assigned errors.

The deceased was a minor, and was killed while in the employ of the defendant company, for which he was working under an agreement that his wages should be paid to his mother as earned.

Numerous errors are assigned to the charge of the Court, which, in the view we have taken of the case, need not be passed upon.

At common law, a right of action for personal injuries resulting in death, died with the person thus injured. *Bream* v. *Brown*, 5 Cold., 168; *Loague* v. *Railroad*, 7 Pickle, 459. By statute, Act of 1851–2, carried forward into Milliken & Vertrees' compilation as §§ 3130, 3131, the rule of the common law was so far modified as to save the right of action of a person dying by the wrongful act of another, by providing that such right should not abate or be extinguished by death, and that the suit might be instituted by the personal representative of the deceased, for the benefit of the widow or next of kin, and by further providing that, if he declines to bring such suit, the widow and children of the deceased might, without his consent, use his name in bringing such suit. Under that Act, it was uniformly held that, although the suit was for the personal benefit of the widow and next of kin, yet they could not sue in their own name, but the suit would lie only in the name of the

personal representative. *Hall* v. *N. & C. R. R. Co.*, Thomp. Cas., 204; *Flatley* v. *M. & C. R. R.*, 9 Heis., 230; *Bledsoe* v. *Stokes*, 1 Bax., 312; *Trafford* v. *Express Co.*, 8 Lea, 99; *Loague* v. *Railroad*, 7 Pickle, 459. By the terms of the Act, the right of action survived to the personal representative, and was in this manner saved when it would otherwise have been extinguished. Accordingly, this Court said, in *Flatley* v. *Railroad*, 9 Heis., 230, "when a right is given by statute, and a remedy provided by the same Act, the right can be pursued in no other mode."

Thus the law stood until the Act of 1871, Chapter 78, brought forward as § 3132 of the Code (M. & V.), was passed, by which it was provided that the widow might prosecute the action in her own name, and, if there were no widow, then the children could prosecute in their names. In either event, however, the damages recoverable were those which the deceased would have been entitled to recover if he had sued. *Trafford* v. *Express Co.*, 8 Lea, 109.

By the Act of 1883, Chapter 186 (M. & V. Code, § 3134), it was provided "that when the death s caused by the fault of another, that the party suing, if entitled to damages, shall have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use

and benefit the right of ' action survives from the death consequent upon the injuries received.''

But it is held in *Loague* v. *Railroad*, 7 Pickle, 460, that this Act in no way changed the mode of suing. ''The suit must be prosecuted by the widow, or the children if there is no widow, or by the personal representative of the deceased . . . when the next of kin is the beneficiary. The only effect of the Act is to enlarge the amount of the recovery, by allowing not only the damages which the deceased might have recovered for his own benefit, but also the damages peculiar to the widow and children, or, in default of them, the next of kin.'' See, also, *Bamburger*, *Admr.*, v. *Citizens' Street Railroad Co.*, *ante*, p. 18.

Independently of these statutes, the father and mother would have no right of recovery for the killing of their minor child. *Hull* v. *Nashville & Chattanooga Railroad Co.*, Thompson's Cases, 205.

None of these statutes give the right to the next of kin, as such, but only to the widow and children to prosecute such suit in their own names, and the right of action does not, by the statute, survive to the next of kin, but to the personal representative for the benefit of such next of kin, and such personal representative only has the right to prosecute such suit save in the excepted cases of the widow and children.

The right of action surviving to the personal representative, and not to the father and mother as

Holston *v.* Coal & Iron Co.

next of kin, the suit can only be brought by such personal representative, even though the father and mother may be beneficially entitled to the recovery as next of kin. In no event, therefore, could a recovery be had in the present action brought in the names of the mother and stepfather. This being so, it is immaterial and unnecessary to examine whether there are errors in the record as against the plaintiffs.

The judgment is affirmed with costs.