## MISSOURI, K. & T. RY. CO. .v. LENAHAN.

### No. 1773.   Opinion Filed September 23, 1913.

#### (135 Pac. 383.)

1.  **COMMERCE—Congressional Act Superseding State Laws—Employers' Liability Act.** The state law, in so far as it may cover the same field, was superseded by the enactment by Congress of the Employers' Liability Act of April 22, 1908 (35 St. at L. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]), regulating the liability of interstate railway carriers for the death or injury of their employees while engaged in interstate commerce.

2.  **COURTS—Concurrent Jurisdiction of State and Federal Courts—Enforcement of Employers' Liability Act.** The enforcement of rights under the Employers' Liability Act of April 22, 1908 (35 St. at L. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]), regulating the liability of interstate railway carriers for death or injury of their employees while engaged in interstate commerce, cannot be regarded as impliedly restricted to the federal courts, in view of the concurrent jurisdiction provision of the Judiciary Act of August 13, 1888 (25 St. at L. 433, c. 866 [U. S. Comp. St. 1901, p. 508]), to the original Employers' Liability Act, which, instead of granting jurisdiction to the state courts, presupposes that they already possess it.

3.  **DEATH—Federal Employers' Liability Act—Persons Entitled to Sue.** The widow of a deceased railway employee cannot bring in her own name the action for damages, given by the Employers' Liability Act of April 22, 1908 (35 St. at L. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]), ''to his or her personal representatives, for the benefit of the surviving widow or husband and children of such employee. The right of action in case of the death of the employee is given to the personal representative, and not to the surviving widow, and such representative alone can sue.

4.  **SAME—Persons Entitled to Sue.** Since the right of action for injuries resulting in death is based entirely upon statute, no such right existing at common law, the action can be brought only in the name of the person to whom the right is given by the statute.

5.  **APPEAL AND ERROR—Presentation of Questions in Trial Court—Right to Sue.** In an action, brought by the surviving wife against a common carrier by railroad, to recover damages for the wrongful death of her husband, recoverable, if at all, under authority of the Employers' Liability Act of April 22, 1908 (35 St. at L. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]), it appears from the amended answer that the carrier and the deceased were, at the time of the injury, engaged in interstate commerce, and which allegation of the answer is not put in issue, though a reply

was filed, and where defendant company files a motion for judgment on the pleadings, objects to the introduction of any evidence, demurs to the evidence introduced at the close of plaintiff's case, and after all the evidence is in, moves for a peremptory instruction in its favor, it cannot be said that said defendant has waived its right to insist, on appeal, that the action could not be brought by such wife suing in her own right.

6.     **PARTIES—Want of Capacity to Sue—Waiver.** Want of legal capacity to sue refers to a general legal disability. If such disability does not exist, the failure of a plaintiff to show a right of action in herself goes to the sufficiency of the pleading to state a cause of action, and is not waived by failure to demur, or answer, pleading want of capacity.

7.     **SAME—Nature of Defect.** Where the plaintiff is a natural person, under no legal disability to maintain actions, a failure to state a cause of action in her own favor goes to the sufficiency, in substance, of the petition, and not to her legal capacity to sue.

8.     **APPEAL AND ERROR—Amendment in Appellate Court—Parties.** Where an action is brought by the surviving wife, instead of by the personal representative of a deceased railway employee, to recover damages, recoverable, if at all, under the authority of the Employers' Liability Act of April 22, 1908 (35 St. at L. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]), and where, after submission in the Supreme Court, an application is made in this court on behalf of said wife (who claims to have been appointed administratrix of her husband's estate by the court of another state, subsequent to the trial below) to be made a party in her alleged representative capacity, and where, in opposition thereto, plaintiff in error put in issue by sworn denial both the plaintiff's right to and appointment as administratrix, and there being no one before the court having a right of action, this court cannot hear and determine the question of fact presented, or further consider the application, but will remand the case, without prejudice to such rights as the alleged personal representative may have.

(Syllabus by Sharp, C.)

*Error from District Court, Craig County;*
*John J. Shea., Assigned Judge.*

Action by Etta Lenahan against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*W. H. Kornegay* and *E. H. Brady,* for defendant in error.

Opinion by SHARP, C. Defendant in error, hereinafter referred to as plaintiff, the surviving widow of James Lena-

han, deceased, brought an action for damages against plaintiff in error, hereinafter known as defendant, on account of the alleged negligent killing of her said husband by defendant railway company. The petition charged that James Lenahan, deceased, and plaintiff bore to each other the relation of husband and wife; that they had no children; that plaintiff was a resident of the state of Kansas; and that the death of the said James Lenahan occurred on May 15, 1908, in Muskogee county, Okla., as a result of injuries inflicted upon him by reason of the negligence of defendant, its servants and employees. Damages were asked in the sum of $30,000. Defendant filed its answer, consisting, first, of a general denial, and, second, charged that the death of the deceased was occasioned by his own negligent acts. Thereafter an amended answer was filed, containing allegations similar to that in the original answer, and in addition further charging that the trains which collided, operated by defendant company, were at the time engaged in the movement of interstate commerce. A second amended answer was afterwards filed, in which were contained the same allegations, in substance, as set forth in the original answer, with the further plea that said defendant company was then, and had been at all times mentioned in plaintiff's petition, a common carrier by railroad, engaged in commerce between the several states, and that the passenger train, described by plaintiff in her petition as the Katy Flyer, was at all times mentioned therein an interstate train, starting from St. Louis, Mo., and passing into and through the states of Kansas and Oklahoma, thence into the state of Texas, and at all times therein mentioned was engaged in the movement of interstate commerce; that the freight train described in plaintiff's complaint was, on the 15th day of May, 1908, a train starting from Muskogee in the state of Oklahoma and proceeding on its way, over the defendant's line of railway, to Parsons, in the state of Kansas, and was on said date, and at all times mentioned in plaintiff's petition, engaged in moving interstate commerce, and that said James Lenahan, deceased, was the engineer in charge of the engine drawing said freight train. Plaintiff's reply denied that the deceased

was guilty of negligence, or in any way contributed to the injury complained of and charged that the Katy Flyer and the freight train, of which the deceased was in charge as an engineer, were, at the time of the collision, in the county of Muskogee, state of Oklahoma, and in all respects subject to the laws of the state, and at the time of the accident the deceased was acting by virtue of orders from the conductor of the freight train. Defendant filed its motion for judgment on the pleadings, no particular reason therefor being stated. This motion was overruled. The case being called for trial, defendant objected to the introduction of any evidence, for the reason that the allegations of the petition were not sufficient to constitute a cause of action in favor of plaintiff. This motion was also overruled. At the close of plaintiff's testimony, defendant demurred thereto, which demurrer was overruled. After all the testimony had been introduced, defendant requested the court to peremptorily instruct the jury to return a verdict in its behalf, which request was refused. To the action of the court in overruling said motion, objection, demurrer, and request for peremptory instruction, the defendant excepted, as it further did to the giving of the court's charge. The trial resulted in a verdict for the plaintiff. Motion for a new trial being overruled, the case is brought here for review.

The first question necessary for determination is that of the right of the plaintiff, in her own right, to sue. She and her husband, James Lenahan, resided prior to his death at Parsons, Kan. Hence, under sections 5945 and 5946, Comp. Laws 1909 (Rev. Laws 1910, secs. 5281, 5282), if at the time in force and controlling, the action was one that could properly be brought by the plaintiff in her individual capacity. The question is therefore presented: May an action longer be brought or maintained, under the authority of a state statute, where the facts are such as disclosed by the record before us, and this by reason of the passage by Congress of the Act of April 22, 1908 (35 St. at L. 65, c. 149 [U. S. Comp. St. Supp. 1911, p. 1322]), and known generally as the "Employers' Liability Act"? This act was in force at the time of the death of the said James

Lenahan, and, it being charged in the amended answer, and shown by the evidence, that at the time of the injury, the defendant was engaged in commerce between the states, what law must govern, the state or federal? The provisions in the federal Constitution (article 1, sec. 8, clauses 3 and 18) confer upon Congress the power "to regulate commerce * * * among the several states," and "to make all laws which shall be necessary and proper" for that purpose. These organic provisions have been construed by the court of last resort in such cases until their meaning and the scope of their limitations may no longer be considered open to doubt. *Gibbons v. Ogden,* 9 Wheat. 1, 6 L. Ed. 23; *Gloucester Ferry Co. v. Pennsylvania,* 114 U. S. 215, 5 Sup. Ct. 826, 29 L. Ed. 158; *Ratterman v. Western Union Tel. Co.,* 127 U. S. 411, 8 Sup. Ct. 1127, 32 L. Ed. 229; *Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. —; *Michigan Central R. Co. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. —.

Conceding, as we must, the right of Congress to make such laws as shall be necessary and proper and incidental to the power of regulation of interstate commerce, when such legislation is confined to its proper sphere and otherwise valid, does the legislation enacted in pursuance of the power to regulate supersede the laws of the states, in so far as the latter cover the same field, and may rights thus enacted be enforced or invoked as a defense, as of right, in the courts of the states, when their jurisdiction, as fixed by local laws, is adequate to the occasion? An answer to this question is made necessary for the reason that under the state statute, seemingly here relied upon by the defendant in error, the action was one that could be brought, if at all, by the widow, while under the federal Employers' Liability Act, the action must be brought by the personal representative for the benefit of the surviving widow and children, if any, of such employee. The words "personal representative" as used in the above act have reference either to an administrator or an executor, and not to a surviving wife. *Little Rock & Ft. S. Ry. Co. v. Townsend, Adm'r,* 41 Ark.

382; *Illinois Central R. Co. v. Hunter et al.,* 70 Miss. 471, 12 South. 482; *Hagen v. Kean et al.,* 3 Dill. 124, Fed. Cas. No. 5,899; 18 Cyc. 55, 56.

At common law the death of a human being, although clearly involving pecuniary loss, was not the ground of an action of damages. The authorities in support of this rule are so numerous and so uniform that an extended citation of authorities would serve no useful purpose. *Bartlett v. Chicago, R. I. & P. Ry. Co.,* 21 Okla. 415, 96 Pac. 468; *Little Rock & Ft. S. Ry. Co. v. Townsend, supra; Killian v. Southern Ry. Co.,* 128 N. C. 261, 38 S. E. 873; *McCarthy, Adm'x, v. Chicago, R. I. & P. Ry. Co.,* 18 Kan. 46, 26 Am. Rep. 742; *Holston et ux. v. Dayton Coal & Iron Co.,* 95 Tenn. 521, 32 S. W. 486; *Mobile Life Ins. Co. v. Brame,* 95 U. S. 759, 25 L. Ed. 582; *Michigan Central R. co. v. Vreeland, supra;* Employers' Liability, Dressler, pp. 91, 92; Employers' Liability, Roberts & Wallace, p. 350 *et seq.;* Negligence of Imposed Duties, Ray, pp. 617, 618. The rule at common law, however, has been abrogated by statute in the various states. These statutes differ materially in their provisions, particularly with regard to who and when, and for whose benefit, the action for the wrongful death may be brought. As we have seen, this is a case, brought and maintained by the surviving widow alone, while the federal statute requires that such actions, where at the time of the injury the parties were engaged in interstate commerce, should be brought by the personal representative of the deceased employee, for the benefit of the surviving widow. The allegations of the answer, charging that the deceased and the defendant company were, at the time of the injury, engaged in interstate commerce, stand undenied. These allegations were supported by the evidence, and we do not understand there is any controversy as to the facts governing this aspect of the case. Since the trial of this case below, the question heretofore suggested has been answered fully by the Supreme Court of the United States in the following cases: *Mondou v. New York, N. H. & H. R. Co.; Northern Pacific R. Co. v. Babcock, Adm'x; New York, N. H. & H. R. Co. v. Walsh, Adm'x,* 223 U. S.

3, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44—in which the court, after quoting from Chief Justice Marshall, in *McCulloch v. Maryland,* 4 Wheat. 316, 4 L. Ed. 579, and *Smith v. Alabama,* 124 U. S. 465, 473, 8 Sup. Ct. 564, 31 L. Ed. 508, 510, concluded that the laws of the several states, in so far as they covered the same field, were superseded by the enactment of Congress of the Employers' Liability Act of April 22, 1908, regulating the liability of interstate railway carriers for the death or injury of their employees while engaged in interstate commerce.   We must therefore conclude that, Congress, having spoken on the subject, over which by the federal Constitution it had the unquestioned jurisdiction, and the case at bar being one that comes within the purview of the act, the legislation, being in all respects valid, is the supreme law of the land, anything in the Constitution or laws of this state to the contrary notwithstanding.   *St. Louis & S. F. R. Co. v. State et al.,* 26 Okla. 62, 107 Pac. 929, 30 L. R. A. (N. S.) 137; *St. Louis & S. F. R. Co. v. Bilby,* 35 Okla. 589, 130 Pac. 1089; *Missouri, K. & T. Ry. Co. v. Walston,* 37 Okla. 517, 133 Pac. 42; *Southern Ry. Co. v. Harrison,* 119 Ala. 539, 25 South. 552, 43 L. R. A. 385, 72 Am. St. Rep. 936; *Bradbury v. Chicago, R. I. & P. Ry. Co.,* 149 Iowa, 51, 128 N. W. 1, 40 L. R. A. (N. S.) 684; *State v. Missouri Pacific Ry. Co.,* 212 Mo. 658, 111 S. W. 500; *State v. Chicago, M. & St. P. Ry. Co.,* 136 Wis. 407, 117 N. W. 686, 19 L. R. A. (N. S.) 326; *Gibbons v. Ogden, supra; Brown v. Maryland,* 12 Wheat. 445, 6 L. Ed. 678; *Gloucester Ferry Co. v. Pennsylvania, supra; Gulf, C. & S. F. Ry. Co. v. Hefley,* 158 U. S. 99, 15 Sup. Ct. 802, 39 L. Ed. 910; *Northern Pac. R. Co. v. Washington,* 222 U. S. 370, 32 Sup. Ct. 160, 56 L. Ed. 237; *Southern R. Co. v. Reid,* 222 U. S. 424, 32 Sup. Ct. 140, 56 L. Ed. 257; *Mondou v. New York, N. H. & H. R. Co., supra;* Cooley's Const. Lim. (7th Ed.) 856; Judson on Interstate Commerce, sec. 35.

In *St. Louis & S. F. R. Co. v. State et al., supra,* this court held that a certain order of the state Corporation Commission, which provided that ten days' free storage should be allowed on less than car load shipments, when destined to con-

signees residing at interior points five miles or more from the railroad station, in so far as it applied to interstate commerce, was void, for the reason that it was in conflict with and superseded by sections 1 and 2 of the act entitled "An act to amend an act entitled 'An act to regulate commerce.'" Act June 29, 1906, c. 3591, 34 St. at L. 584 (U. S. Comp. St. Supp. 1909, p. 1149). Numerous authorities were reviewed by the court in support of the conclusion reached. There, as here, the question was one of the supremacy of a particular statute, federal or state, and the conclusion reached was, that the act of Congress under consideration was supreme, and the state law, in conflict therewith, was deemed to have been superseded by the federal act. To the same effect are the subsequent decisions .of this court in *St. Louis & S. F. R. Co. v. Bilby, supra,* and *Missouri, K. & T. Ry. Co. v. Walston, supra.*

In *Mondou v. New York, N. H. & H. R. Co.,* and companion cases, above cited, it was held by the Supreme Court of the United States that the rule denying the right of action for the death of one person, caused by the wrongful act or negligence of another, was displaced by the rule vesting such right of action in the personal representative of the deceased for the benefit of designated relatives; that the act did not provide in any event for a right of action in the surviving wife, but only to the personal representatives for the benefit of the surviving widow, or husband and children, of the deceased. In *American R. Co. v. Birch,* 224 U. S. 547, 32 Sup. Ct. 603, 56 L. Ed. 879, the same act was again before the Supreme Court. The action was brought by the widow and son of the deceased in their individual capacity. On the part of plaintiffs it was contended that the action was properly brought in the name of the only persons for whose benefit a recovery could be had, and that the words used in paragraph 2 of said act in question, "to his or her personal representative," should not be construed to mean that it was necessary, in cases where only the husband or wife could inherit and were the only survivors, that they be forced, in the absence of any estate belonging to the deceased, other than the' right to sue, to have an administrator appointed. The contention was answered by the court thus wise:

"But the words of the act will not yield to such a liberal construction. They are too clear to be other than strictly followed. They give an action for damages to the person injured, or, 'in case of his death,  *  *  *  to his or her personal representative.' It is true that the recovery of the damages is not for the benefit of the estate of the deceased, but for the benefit 'of the surviving widow or husband and children.' But this distinction between the parties to sue and the parties to be benefited by the suit makes clear the purposes of Congress. To this purpose we must yield. Even if we could say, as we cannot, that it is not a better provision than to give the cause of action to those in relation to the deceased, in the present case it looks like a useless circumlocution to require an administration upon the deceased's estate, but in many cases it might be much the simpler plan, and keep the controversy free from elements but those which relate to the cause of action. But we may presume that all contending considerations were taken into account and the purpose of Congress expressed in the language it used."

The judgment was reversed, without prejudice to such rights as the personal representatives might have. Other recent decisions following the rule announced in the Birch case, and construing the act, are *Troxell v. Delaware, L. & W. R. Co.,* 227 U. S. 434, 33 Sup. Ct. 274, 57 L. Ed. —; *St. Louis, S. F. & T. R. Co. v. Seale,* 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. —.

The fact that plaintiff's petition did not set out a cause of action arising under the Employers' Liability Act in no wise affects the applicatory law. The defendant's amended answer charged, and the evidence all went to show, that the case was one that must be controlled by the federal act, and it therefore mattered not that plaintiff did not base her right to recover upon the federal statute. The exact question was determined by the Supreme Court in *Missouri, K. & T. Ry. Co. v. Wulf,* 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. —, where the opinion reads:

"It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of Congress. But the court was presumed to be cognizant of the enactment of the Employers' Liability Act, and to know that with respect to the responsibility of interstate carriers by rail-

road to their employees injured in such commerce after its enactment it had the effect of superseding state laws upon the subject. *Second Employers' Liability Cases* (*Mondou v. New York, N. H. & H. R. Co.*) 223 U. S. 1, 53, 32 Sup. Ct. 169, 56 L. Ed. 327, 347, 38 L. R. A. (N. S.) 44. Therefore the pleader was not required to refer to the federal act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done."

Notwithstanding the allegations of plaintiff's petition, it it is obvious that the case was in fact tried in the court below upon the theory that it was governed by the terms of the federal Employers' Liability Act, and we are precluded by the opinions of the highest court of the land from holding otherwise than that the act of Congress should, in all such cases, be controlling upon the state courts.

As the right of action resulting in death is entirely based upon statute, no such right existing at common law, the law is well settled that such an action can only be brought in the name of the person or persons to whom the right is given by the statute, upon the well-settled principle that when a statute gives the cause of action, and designates a person who may sue, he alone can sue. *Duval v. Hunt et al.,* 34 Fla. 85, 15 South. 876; *Collins Coal Co. v. Hadley,* 38 Ind. App. 637, 75 N. E. 832, 78 N. E. 353; *Boyd v. Brazil Block Coal Co.,* 25 Ind. App. 157, 57 N. E. 732; *Barker v. Hannibal & St. J. Ry. Co.,* 91 Mo. 86, 14 S. W. 280; *Harshman v. Northern Pac. Ry. Co.,* 14 N. D. 69, 103 N. W. 413; *Fulgham v. Midland Valley Ry. Co.* (C. C.) 167 Fed. 660, 104 C. C. A. 151; *Dewberry v. Southern Ry. Co.* (C. C.) 175 Fed. 307; *Fithian et al. v. St. Louis & S. F. Ry. Co.* (C. C.) 188 Fed. 842; *Whittaker v. Illinois Cent. Ry. Co.* (C. C.) 176 Fed. 130; *Oliver v. Northern Pac. Ry. Co.* (D. C.) 196 Fed. 432; *The Passaic* (D. C.) 190 Fed. 644; *Behrens v. Illinois Cent. Ry. Co.* (D. C.) 192 Fed. 581; *Central Ry. Co. of N. J. v. Colasurdo,* 192 Fed. 901, 113 C. C. A. 379; *Zikos v. Oregon R. & Nav. Co.* (C. C.) 179 Fed. 893.

We next come to consider whether the rights enacted under the federal statute may be enforced or invoked as a defense,

as of right, in the state courts, when their jurisdiction is adequate to the occasion. The Mondou case, *supra,* was one brought in the state courts of Connecticut. It was there urged, among other objections, that the policy manifested by the federal act was not in accord with the policy of the state respecting the liability of employers of employees for injuries received by the latter while in the service of the former, and that it would be inconvenient and confusing for the same court, in dealing with cases of the same general class, to apply to some the standards of right established by the congressional acts and in others the different standards recognized by the state laws. It was held by the Supreme Court on appeal that the enforcement of rights under the federal act, regulating the liability of interstate railway carriers for the death or injury of their employees while engaged in interstate commerce, could not be regarded as impliedly restricted to the federal courts, in view of the concurrent jurisdiction provision of the Judiciary Act of August 13, 1888 (25 St. at L. 433, c. 866 [U. S. Comp. St. 1901, p. 508]), and of the amendment by the Act of April 5, 1910 (36 St. at L. 291, c. 143 [U. S. Comp. St. Supp. 1911, p. 1324]), to the original Employers' Liability Act, which, instead of granting jurisdiction to the state courts, presupposes that they already possess it, and, further, that jurisdiction of an action to enforce the rights arising under the Employers' Liability Act may not be declined by the courts of the state whose ordinary jurisdiction, as prescribed by local laws, was adequate to the occasion, on the theory that such statute is not in harmony with the policy of the state, or that the exercise of such jurisdiction would be attended by inconvenience and confusion, because of the different standards of right established by the congressional act and those recognized by the laws of the state. The general jurisdiction act (25 St. at L. 433, c. 866, sec. 1 [U. S. Comp. St. 1901, p. 508]) provides that the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the

Constitution or laws of the United States. Clearly the case under consideration is one within the foregoing provisions and of which both the state and federal courts have jurisdiction, and that the rights arising under the act in question could be enforced, as of right, in the district courts of the State of Oklahoma, their jurisdiction being adequate to the occasion. Paraphrasing the language of the Supreme. Court in the Mondou case, *supra,* we may say: When Congress, in the exercise of the power confided to it by the Constitution, adopted that act, it spoke for all the people and all of the states, and thereby established a policy for all. That policy is as much the policy of Oklahoma as if the act had emanated from our own Legislature, and should be respected accordingly in the courts of the state. *Claflin v. Houseman, Assignee,* 93 U. S. 130, 23 L. Ed. 833; *Teal v. Felton,* 12 How. 284, 13 L. Ed. 990; *Raisler v. Oliver,* 97 Ala. 710, 12 South. 238, 38 Am. St. Rep. 213.

Generally, wherever a legal right arises and the state court is competent to administer justice, the right may be asserted in such court, although the federal court may have concurrent jurisdiction, unless the jurisdiction is limited by law to the federal courts, or the state courts are expressly or by necessary implication excluded by statute, with the important proviso, however, that the state courts must have competent jurisdiction in other respects. *Bradbury v. Chicago, R. I. & P. Ry. Co.,* 149 Iowa, 51, 128 N. W. 1, 40 L. R. A. (N. S.) 684; *Wilcox v. Luco,* 118 Cal. 642, 45 Pac. 676, 50 Pac. 758, 45 L. R. A. 582, 62 Am. St. Rep. 306; *Schuyler Nat. Bank v. Bollong,* 24 Neb. 827, 40 N. W. 414; *Bletz v. Columbia Nat. Bank,* 87 Pa. 92, 30 Am. Rep. 345; *Brinckerhoff v. Bostwick,* 88 N. Y. 60; *People v. Welch,* 141 N. Y. 273, 36 N. E. 328, 24 L. R. A. 117, 38 Am. St. Rep. 793; 11 Cyc. 996, 997.

It is insisted by defendant in error that, under the provisions of sections 5629, 5630, 5631, Comp. Laws 1909 (Rev. Laws 1910, secs. 4740-4742), defendant not having demurred or answered, setting up its objection to the action being prosecuted by the surviving widow in her own right, the same has been waived. We do not think so. The question is that the federal

Employers' Liability Act does not give to the widow of the deceased, as such, any right of action whatever for the death of the deceased, but gives that right of action solely to the personal representative of the deceased, and therefore, when in a suit by the widow the facts are shown to be such that the act of Congress applies, such suit cannot be maintained by her because she has, in her own right, no cause of action.

Want of legal capacity to sue refers to a general legal disability, such as infancy, idiocy, lunacy, or want of title in the plaintiff to the character in which he sues. Therefore, when the plaintiff is a natural person, under no legal disability to maintain actions, a failure to state a cause of action in her own favor goes to the sufficiency, in substance, of the petition, not to her legal capacity. *State ex rel. Broatch v. Moores,* 58 Neb. 285, 78 N. W. 529; *Duval v. Hunt et al., supra; Boyd v. Brazil Block Coal Co., supra; Hunt v. Monroe,* 32 Utah, 428, 91 Pac. 269, 11 L. R. A. (N. S.) 249; *Hamilton v. McIndoo et al.,* 81 Minn. 324, 84 N. W. 118; *Harshman v. Northern Pac. Ry. Co.,* 14 N. D. 69, 103 N. W. 413. Hence, in such a case, a demurrer to a complaint, on the ground that it does not state facts sufficient to constitute a cause of action, raises the question of the right of plaintiff to maintain the action. *Collins Coal Co. v. Hadley,* 38 Ind. App. 637, 75 N. E. 832, 78 N. E. 353, and cases cited.

In the instant case no demurrer was filed to the petition. It did not show upon its face that the deceased and the defendant corporation were, at the time of the injury, engaged in interstate commerce. This allegation was brought into the pleadings by the defendant in its amended answers, and was not denied in plaintiff's reply. The objection, therefore, was urged at the first opportunity, by filing a motion for judgment on the pleadings. This is a common and permissible practice in this state and in the state of Kansas, from which our Code of Civil Procedure was taken. *Cobb v. Wm. Kenefick Co.,* 23 Okla. 440, 100 Pac. 545; *Bohart v. Mathews,* 29 Okla. 315, 116 Pac. 944; *Hutchison v. Myers,* 52 Kan. 290, 34 Pac. 742. In addition to the motion filed by defendant for judgment on the

pleadings, objection was made to the introduction of testimony, and at the conclusion of the plaintiff's case defendant interposed a demurrer to the evidence, on the ground that the same was not sufficient in law to support a cause of action in favor of the plaintiff and against the defendant. At the conclusion of the trial defendant also moved for a peremptory instruction, directing a verdict in its favor. Without passing upon the sufficiency of the previous motions, we conclude that it was reversible error to overrule defendant's request for a peremptory instruction. The plaintiff had failed to bring herself within the condition prescribed in the statute, and, having no right to maintain the action at common law, or aside from the statute, she failed to show a personal right to recovery. The case is not one of defect of parties or want of legal capacity to sue; it is purely a want of cause of action in the plaintiff, and, regardless of what might have been alleged in the pleadings or proven by the testimony, the action not having been brought in the name of the personal representative, plaintiff was not entitled to judgment. *Logan v. Oklahoma Mill Co.,* 14 Okla. 402, 79 Pac. 103; *Usher v. West Jersey R. Co.,* 126 Pa. 206, 17 Atl. 597, 4 L. R. A. 261, 12 Am. St. Rep. 863; *City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113; *Atchison Water Co. v. Price et ux..* 9 Kan. App. 884, 59 Pac. 677; *Vaughn v. Kansas City, N. W. R. Co.,* 65 Kan. 685, 70 Pac. 602; *Walker v. O'Connell,* 59 Kan. 306, 52 Pac. 894; *Hamilton v. Hannibal & St. J. R. Co.,* 39 Kan. 56, 18 Pac. 57; *Nash v. Tousley,* 28 Minn. 5, 8 N. W. 875; *Barker v. Hannibal & St. J. R. Co.,* 91 Mo. 86, 14 S. W. 280; *Major v. Burlington, C. R. & M. Co.,* 115 Iowa, 309, 88 N. W. 815; *Illinois Cent. Ry. Co. v. Hunter,* 70 Miss. 471, 12 South. 482; *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *Ward v. Petrie,* 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790. Nor does the fact that plaintiff was the sole beneficiary change the legal requirement. *Hagen v. Kean et al.,* 3 Dill. 124, Fed. Cas. No. 5,899; *Harshman v. Northern Pac. Ry. Co.,* 14 N. D. 69, 103 N. W. 413; *Holston ex ux. v. Dayton Coal & Iron Co.,* 95 Tenn. 521, 32 S. W. 486;

*Kramer v. San Francisco Market Street Ry. Co.*, 25 Cal. 434; *American R. Co. v. Birch, supra.*

Since the submission of this case, there has been filed in this court an application on the part of Etta Lenahan, claiming to be the administratrix of her husband's estate, to be made a party to this action. The application purports to contain a copy of a certified copy of an order of the county court of Labette county, Kan., made on the 14th day of May, 1912, in which the said Etta Lenahan was appointed administratrix of all and singular the goods and chattels, rights, and credits, which were of the said James Lenahan at the time of his death. The application is verified as follows:

"State of Oklahoma, County of Craig, ss.: I, Edward H. Brady, do say that I am an attorney for the applicant, Etta Lenahan, and the statements of the foregoing application are true, as I verily believe."

Immediately thereafter the plaintiff in error filed its answer to and protest against said application to be made a party, in which the jurisdiction of the court over the subject-matter of the application, as well as other objections thereto, are raised. And, in addition to which, it is denied under oath "that the said applicant was on the 14th day of May, 1912, or at any other time, duly appointed the administratrix of the estate of James Lenahan, deceased, by the probate court of Labette county, Kan., or by any other court; denies that at the time of his death the said James Lenahan, her intestate, was a resident of Labette county, of the state of Kansas; denies that the said James Lenahan never left any children surviving him; denies that the applicant is the widow of the said James Lenahan; denies that the applicant is the same Etta Lenahan for whose benefit and in whose name the above-entitled suit was brought; denies that the said applicant is the present defendant in error herein; denies that the purported copies of letters of administration incorporated in this application are copies of letters issued out of the probate court of Labette county, state of Kansas, and that any letters of administration have been, at any time, issued to said applicant; and requires strict proof of all the same."

Among other defenses urged in said answer and protest was that of the two-year statute of limitations (Act April 22, 1908, c. 149, 35 St. at L. p. 65, sec. 6 [U. S. Comp. St. Supp. 1909, p. 1173]). We have given the application to make the subsequently appointed administratrix a party careful and painstaking consideration, and have been unable to find any reported cases where, under a like or similar state of facts, the right to make new parties on appeal was permitted. There are a number of well-considered cases which permit the right of substitution in the trial court of the party having the legal right to sue on the claim for which the action has been brought. *Van Dorden v. Pennsylvania R. Co.,* 93 Fed. 260, 35 C. C. A. 282; *McDonald v. State of Nebraska,* 101 Fed. 171, 41 C. C. A. 278; *Metropolitan Life Insurance Co. v. People,* 209 Ill. 42, 70 N. E. 643; *Thomas v. Fame Ins. Co.,* 108 Ill. 91; *Beresh v. Supreme Lodge K. of H.,* 255 Ill. 122, 99 N. E. 349. But where, subsequent to the trial below, the plaintiff therein had acquired a representative capacity, and where all the facts in connection therewith were put in issue and duly verified by the oath of the agent or attorney for plaintiff in error, we find and have been cited to no authority permitting substitution or addition of new parties on appeal. Both the right of the plaintiff, as well as the alleged fact of her appointment as administratrix, have been at the first possible opportunity put in issue. Plaintiff may or may not now be the administratrix of her late husband's estate. We are unable to determine from the conflicting affidavits. *Golden Terra Mining Co. v. Smith et al.* 2 Dak. 374, 11 N. W. 97. This fact, recently attempted to be brought into the record, is one that the defendant company had a right to controvert, and has a right to have tried and determined, for it is material to its defense, if liable, that the proper party recover, that it may not be subject to a double liability. As we have seen, its primary defense in this court was that the original plaintiff could not maintain her action. The right to sue is one that lies at the foundation of every action at law as well as suit in equity; and, where a delayed effort is made to amend or substitute new parties, no defendant can be denied the right

of an opportunity to be heard as to the newly acquired rights thus asserted for the first time. Were no question presented to us save the naked legal proposition of the right to substitute or make new parties pending an appeal, and the facts connected therewith were admitted, we would be greatly disposed to grant the motion, as was done in *United States Ins. Co. v. Ludwig,* 108 Ill. 514; *Hougland v. Avery Coal Co.,* 246 Ill. 609, 93 N. E. 40; *Wood v. Circuit Judge,* 84 Mich. 521, 47 N. W. 1103; *Risley, Ex'r, v. Wightman,* 13 Hun (N. Y.) 163; *Reeder v. Sayre,* 70 N. Y. 181, 26 Am. Rep. 567; *Schultz v. Third Ave. R. Co.,* 89 N. Y. 242; *Grant, Adm'r, v. Rogers, Adm'r,* 94 N. C. 755; *Wilson v. Pearson,* 102 N. C. 290, 9 S. E. 707; *Howard v. United States,* 102 Fed. 77, 42 C. C. A. 169 (affirmed 184 U. S. 676, 22 Sup. Ct. 543, 46 L. Ed. 754); *Chicago, G. W. Ry. Co. v. Church,* 102 Fed. 85, 42 C. C. A. 178, 50 L. R. A. 488. While in given instances this court has original jurisdiction, in the instant case it can exercise only its appellate jurisdiction. It is provided by statute (section 6067, Comp. Laws 1909 [Rev. Laws 1910, sec. 5236]), that "the Supreme Court may reverse, vacate or modify a judgment of the district court or county court for errors appearing on the record." The question presented is not one that seeks, in any maner, to have reviewed a judgment or order of the district court of Craig county, but to authorize the bringing in of an additional party under authority alleged to have been acquired subsequent to the trial below, where, as we have seen, no proper party was theretofore before the court.

Plaintiff, however, if otherwise entitled to recover, is not without a remedy. Upon a remand of this case to the district court, she may there present her application to be made a party plaintiff in her representative capacity. While she cannot maintain the action in her own right, she may do so if duly appointed the personal representative or administratrix of her husband's estate, and the fact that more than two years have expired since the date of his death will not bar her right to be made a party to the suit, in her capacity as administratrix.

This rule was first intimated by the Supreme Court in *American Railroad Co. v. Birch, supra,* where the judgment of the court was reversed, without prejudice to such rights as the personal representatives might have; while in *Missouri, K. & T. Ry. Co. v. Wulf, supra,* the right of the plaintiff to amend, in the trial court, so as to permit the suit to be prosecuted as administratrix of the decedent, for the benefit of herself as the surviving parent and next of kin of decedent, was expressly decided.

The judgment of the trial court should be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.