COWAN et al. v. ATCHISON, T. & S. F. RY. CO.

No. 8003—Opinion Filed Nov. 20, 1917.

(168 Pac. 1015.)

1. **Death—Wrongful Death—Heirs—Statute.**

Where deceased child leaves no issue nor husband nor wife, but leaves both father and mother, they are the only heirs and next of kin to the deceased.

2. **Death — Wrongful Death — Statute—Separate Actions.**

Rev. Laws 1910, §§ 5281 and 5282, contemplate but one action, and the same death cannot be sued for in separate actions by the various individuals sustaining damages thereby.

3. **Limitation of Actions — Action for Wrongful Death—Amendment of Pleading.**

In an action for damages for death by wrongful act or omission brought under

Rev. Laws 1910, §§ 5281 and 5282, by the father of a deceased child, no administrator having been appointed, being a resident of the state at the time of his death, and leaving no widow or children, and leaving father and mother, and more than two years after the death of the child the plaintiff amends his petition by joining the mother of deceased as the other next of kin, but leaving petition in all other respects substantially the same as pleading first filed, held, that the amendment joining the mother as the other next of kin of the deceased as plaintiff related back to the commencement of the suit, and the statute of limitations was arrested at that time.

(Syllabus by Pope, C.)

Error from District Court, Woodward County; James B. Cullison, Judge.

Suit by Abe Cowan and Hannah E. Cowan against the Atchison, Topeka & Santa Fe Railway Company. Special demurrer to amended petition sustained, and case dismissed, and plaintiffs except and bring error. Reversed and remanded.

R. H. Nichols and B. F. Willett, for plaintiffs in error.

Cottingham & Hayes and Chas. Swindall, for defendant in error..

Opinion by POPE, C. On the 9th day of December, 1912, Abe Cowan instituted this suit against the Atchison, Topeka & Santa Fe Railway Company in the district court of Woodward county to recover damages for the death of his adult son, Adam Cowan, alleged to have been caused by the negligence of the defendant, on the 7th day of May, 1911. On the 26th day of July, 1913, the defendant company demurred to the petition in said cause, setting out as grounds for said demurrer: (1) That the plaintiff had no legal capacity to sue or maintain the alleged cause of action; (2) that there was a defect of parties plaintiff; (3) for the reason that the petition fails to state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. This demurrer was sustained by the court on the grounds that the plaintiff had no local capacity to sue, and that the wife of said plaintiff was a necessary party to the said suit, and that the plaintiff was not entitled to recover for the loss of the services of the deceased. The plaintiff was given leave to amend his petition and make the wife of said plaintiff, the mother of deceased, a coplaintiff to the action.

The plaintiff, in pursuance of this permission, on the 9th day of July, 1914, filed his amended petition, being almost identical with the original petition, with, the exception that the mother of the deceased was joined as a party plaintiff, to which amended petition the defendant company filed a special demurrer, which, omitting the formal parts, is as follows:

"That it appears that from the face of said amended petition that said action was not commenced in the names of Abe Cowan and Hannah E. Cowan, as the personal representative of Adam Cowan, deceased, within two years next after the alleged injury complained of by said plaintiffs, and that, if any cause of action ever existed in favor of plaintiffs, which is not admitted, but expressly denied, it appears upon the face of said amended petition that such cause of action was barred by the statute of limitations in such cases made and provided, long prior to the commencement of said action in the name of the personal representatives of Adam Cowan, deceased."

The said demurrer was by the court sustained, and the case dismissed. The plaintiff excepted, and brings error to this court.

The defendant in error in its brief argues only the sufficiency of the petition to state a cause of action, thus ignoring the question raised and urged to the trial court upon the demurrer, namely, the statutory limitations. This last was the one question raised by the demurrer, and the one question upon which the trial court passed in sustaining the demurrer. It was from this ruling that the appeal was prosecuted, and the attempt by the plaintiff in error to change the issues in this court cannot be sustained.

The only question to be determined is that, when an action is brought within the period of limitations by one of two parties united in interest and by amendment, the other party is joined as a coplaintiff, after the period of limitations has expired, is the action barred by limitations?

As the right of action resulting in death is entirely based upon statute, no such right existing at common law, the law is well settled that such an action can only be brought in the name of the person or persons to whom the right is given by the statute, upon the well-settled principle that, when a statute gives the cause of action, and designates a person who may sue, he alone can sue. M., K. & T. Ry. Co. v. Lenahan, 39 Okla. 283, 135 Pac. 383.

The action exists only by reason of Rev. Laws 1910, §§ 5281, 5282, and by these statutes the action can be brought only by the

next of kin when deceased was a resident of the state, where no administrator is or has been appointed, and deceased left no widow.

The record in this case discloses that no personal representative of Adam Cowan, deceased, is or has been appointed; that he was a resident of the state of Oklahoma at the time of his death; that he left no widow or children, but left both father and mother. The action therefore must be maintained, if at all, by the father and mother, as the next of kin of the deceased. Kali Inla Coal Co. v. Ghinelli, 55 Okla. 289, 155 Pac. 606.

The interest of the father and mother as the next of kin is a joint interest, and they are not entitled to maintain separate actions for damages for the same death.

This court, in passing on this question in the case of Shawnee Gas & Electric Co. et al. v. Motesenbocker, 41 Okla. 454, 138 Pac. 790, said:

"Rev. Laws 1910, § 5281, contemplates but one action, and the same death cannot be sued for in separate actions by the various individuals sustaining damages thereby."

The suit, having been brought by Abe Cowan, father of the deceased, within two years after the death, but amended petition joining his wife, mother of the deceased, as the other next of kin, was not filed until more than two years after the date of death, was the amendment equivalent to the commencement of a new action or did it relate back to the commencement of the suit so as to arrest the running of the statute of limitations from the time suit was originally brought?

Unless the amendment introduces a new cause of action, the amended petition relates back and is not barred by the statute of limitations.

The Supreme Court of Kansas passed on this question in the case of Service et al. v. Farmington Savings Bank, 62 Kan. 857, 62 Pac. 670, where the original payee in a promissory note who had sold and transferred her interest in the note to the Farmington Savings Bank brought suit to recover on the note and foreclose the mortgage securing same. The name of Farmington Savings Bank was by amendment substituted as the party plaintiff for the original payee. The court said:

"The action which she brought was based on the same claim and cause of action which is the foundation of the judgment in favor of the bank. The purpose of the suit was the same after the amendment as it was before—to recover upon the note, and to foreclose the mortgage given to secure its payment. This note and mortgage were in the possession of the attorneys, who mistakenly supposed that the paper was owned by the payee of the note, instead of the bank, to which it had been transferred, and the same attorneys continued to hold the possession of the paper and to prosecute the suit after the amendment was made. They were representatives of the owners of the paper throughout the litigation; and the change of parties which was made by reason of their mistake did not prejudice the rights of the defendants. As the amendment did not introduce a new claim or cause of action, it is not to be deemed a change of the action itself; and, under the liberal provisions of our Code authorizing amendments, we think the amendment relates back to the beginning of the action, and that the statute of limitations did not run against the owner of the paper during the pendency of the proceeding. Thomas v. Fame Ins. Co., 108 Ill. 91; Busw. Lim. § 364. If the substituted party had introduced a new claim and cause of action by the amendment, against which the statute of limitations had then run, the defense would have been available; but the object of the action from the beginning, as we have seen, was a recovery against the Alexanders upon the note which they had executed, and the foreclosure of the mortgage given by them as security for its payment."

It will be seen that in action for death by wrongful act or omission, the authorities do not regard the action as barred, because there has been an amendment as to parties plaintiff after the period of limitations has expired.

In the case of M., K. & T. Ry. Co. v. Lenahan 39 Okla. 283, 135 Pac. 383, where the action was brought by the surviving widow on account of the negligent killing of her husband, and after more than two years from the death she substituted herself in the capacity of administratrix of the deceased for herself as plaintiff in her own right, the court said:

"There are a number of well-considered cases which permit the right of substitution in the trial court of the party having the legal right to sue on the claim for which action has been brought. * * * While she cannot maintain the action in her own right, she may do so if duly appointed personal representative or administratrix of her husband's estate, and the fact that more than two years have expired since the date of his death will not bar her right to be made a party to the suit, in her capacity as administratrix."

In the case of Reardon v. Balaklala Consolidated Copper Co. (C. C.) 193 Fed. 189, the court quoted with approval the' following:

"A defendant has an undoubted right to insist that the person entitled to recover on a cause of action set forth in a petition. shall be brought on the record as the plaintiff in the action, to the end that he shall not be compelled to respond twice to the same demand, and that the one suit shall bar all others for the same cause of action. But it has come to be the 'settled law that where, either by mistake of law or fact, a suit is brought in the name of a wrong party, the real party in interest, entitled to sue upon the cause of action declared on, may be substituted as plaintiff, and the defendant derives no benefit whatever from such mistake; but the substitution of the name of the proper plaintiff has relation to the commencement of the suit, and the same legal effect as if the suit had been originally commenced in the name of the proper plaintiff. The name of the proper plaintiff may be brought on the record at any time during the progress of the cause, and may even be inserted after verdict and judgment. When a wrong party has been named as plaintiff, the action will never be dismissed, and the proper plaintiff required to bring a new action, when the effect would be to let in the bar of the statute of limitations."

In the case of Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618, 23 Am. St. Rep. 887, the court said:

"Now, in the present case there has been no change in the cause of action itself. The subject-matter of the suit and the issues to be tried were the same after as before the amendment. So far as the defendants are concerned, this suit was commenced when process was served upon them. The suit has been, from the first to the last, prosecuted in the interest of the church, and we entertain no doubt but the amendment substituting the individual plaintiffs for the unincorporated association related back to the commencement of the suit, and the statute of limitations was arrested at that time." Bixler et ux. v. Penn. Railway Co. (D. C.) 201 Fed. 533.

And it cited with approval:

"Buel v. [St. Louis] Trans. Co., 45 Mo. 562, was a personal damage suit brought by the mother of the injured child. The cause of action was barred in one year. After the lapse of that time the plaintiff's divorced husband, who for some reason had been made a defendant, was made a coplaintiff by amendment, and the question was whether that amendment related back to the commencement of the suit. The rule then laid down is to this effect: Where the amendment sets up no new matter or claim, but is a mere variation of the allegations affecting a demand already in issue, then the amendment relates [back] to the commencement of the suit, and the running of the statute is arrested at that point; but where the amendment introduces a new claim, not before asserted, then it is not treated as relating to the commencement of the suit, but as equivalent to a fresh suit upon a new cause of action, the running of the statute continuing down to the time the amendment is filed. Indeed, amendments may be allowed, rather than drive a party to a nonsuit, for the very purpose of saving the cause from the statute of limitations. Lottman v. Barnett, 62 Mo. 159; George v. Reed, 101 Mass. 378.

"It is doubtless true, as many of the authorities cited hold, that an amendment bringing in a new party defendant will not relate back so as to prevent the bar of the statute as to the new party defendant; but there is a vast difference betwen substituting a competent for an incompetent plaintiff, and bringing in a new defendant. Substituting the party having the legal right to sue for the claim for which the action was brought, instead of another party improperly named as plaintiff, is not the commencement of a new action, and in such a case the amendment relates back to the commencement of the action. [United States] Ins. Co. v. Ludwig, 108 Ill. 514."

In M., K. & T. Ry. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, an amendment of a petition in an action brought by the sole surviving parent in her individual capacity to recover damages from an interstate railway carrier for the death of her unmarried and childless son, while engaged in its employ in interstate commerce, by which, without stating any new facts as the grounds of the action, she set up for the first time the right to sue as personal representative, in which capacity alone her action under the Employers' Liability Act can be maintained, the court said:

"Nor do we think it was equivalent to commencement of a new action, so as to render it subject to the two-year limitation prescribed by section 6 of the Employers' Liability Act [Comp. St. 1916, § 8662]. The change was in form rather than in substance. * * * It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit."

The amendment in the instant case did not change the cause of action or affect in any manner the measure of proof necessary to establish the tort. It did not change the issues to be tried or increase or diminish the amount to be recovered, and cannot in any way operate to prejudice the defendant. It

merely changes the capacity in which the suit is to be prosecuted from the father of the deceased in his individual capacity to that of the father and mother as the next of kin. It could be of no consequence to the defendant who should ultimately receive the amount of any verdict against it, as the final judgment rendered in the case would bar the second suit for damages for the death of Adam Cowan.

We are of the opiion, therefore, that the trial court was in error in sustaining the special demurrer and dismissing the action.

The judgment is reversed, and case remanded.

By the Court: It is so ordered.